## Ex Parte CHARLES HEATH, Petitioner.

### Division Two, March 31, 1910.

1. **BAIL: Appeal: Statute.** There is no constitutional right of appeal, and it was entirely competent for the Legislature, in allowing appeals from sentences in criminal causes, to provide also for bail pending the appeal or to refuse bail, as it is deemed best. And by the statute one who has been found guilty of a capital offense, and his punishment fixed at death or imprisonment for life, is not entitled to bail pending his appeal or writ of error.

2. ——: ——: **Constitutional Right.** The provision of the Constitution "that all persons shall be bailable by sufficient sureties, except for capital offenses, when the proof is evident or the presumption great," does not have application after conviction. That constitutional right to bail does not exist after conviction pending an appeal or writ of error.

3. ——: ——: **Murder.** A defendant convicted of murder in the first degree and his punishment assessed at life imprisonment, is not entitled, either under the statutes or the Constitution, to bail pending his appeal or writ of error, and courts no longer have authority to admit him to bail.

### Habeas Corpus.

Writ denied.

*M. E. Benton* and *Geo. Hubbert* for petitioner.

*Elliott W. Major,* Attorney-General, and *Chas. G. Revelle,* Assistant Attorney-General, for respondent.

(1) The right of appeal did not exist at common law, and is enjoyed now solely by reason of statute. The privileges and immunities ancillary thereto, including stay of execution and bail pending appeal, are likewise of statutory creation, and are limited to the number and kind given by statute. In re Baurer, 112 Mo. 231; State v. Brown, 153 Mo. 578; Ex Parte McNally,

199 Mo. 516; State v. Thayer, 158 Mo. 36. Sections 2698, 2699 and 2700, R. S. 1899, provide the terms and conditions under which execution may be stayed pending an appeal. Since the punishment assessed in the case at hand was imprisonment in the penitentiary for life, this court is entirely without authority to admit relator to bail. (2) Since appeals and the right to bail after conviction did not exist at common law, and are of statutory instead of constitutional creation, it is clear that section 24, article 2 of the Constitution, which grants the right of bail except in certain cases, applies only before trial, and does not give such right pending an appeal. The clause as "to the proof being evident and the presumption great," further discloses that this was the sole office of the constitutional provision, since, after verdict, no question as to the proof and presumption can be involved, they being settled by a verdict of the jury. But, if in this we are in error, and the guarantee can be invoked pending the appeal, relator is entitled to no relief, "but on the contrary quite the reverse," the constitutional provision itself is an absolute prohibition against granting him bail—it being "That all persons shall be bailable by sufficient sureties, except for capital offenses, when the proof is evident and the presumption great." For the purpose of this application the phase as to the proof being evident and the presumption great, must be completely eliminated and relator's crime conclusively treated as murder in the first degree, since the jury has so found. To such finding this court will defer. State v. Matthews, 202 Mo. 147; State v. McCullough, 171 Mo. 574; State v. Tetrick, 179 Mo. 100; State v. Williams, 199 Mo. 137. From its judicial knowledge of this case (State v. Heath, 221 Mo. 565), and the exhibits accompanying the application, the court cannot affirmatively say that the verdict is wrong, or so shocks the conscience that it will not be permitted to stand, and it must, therefore, decline to consider

the case except as one of first degree murder. Ex parte Cluch, 71 Mo. 235. Reading then, as we must, this constitutional provision, it prohibits the granting of bail to relator if murder in the first degree, accompanied with the punishment here, is within the class of crimes denominated capital offenses. Crimes are classified and their character fixed by law. The punishment which may be inflicted, not that which actually is inflicted, gives to the crime its character, and classes it for all purposes, including bail. State v. Eubanks, 199 Mo. 127. Murder in the first degree is punishable by death or imprisonment in the penitentiary during the natural life of the offender, and belongs to a class of crimes defined and denominated as capital offenses. Ex parte Dusenberry, 97 Mo. 507; State v. Gray, 100 Mo. 524.

GANTT, P. J.—On the 15th day of December, 1909, by the judgment of the circuit court of Lawrence county, the petitioner was sentenced, upon a verdict of guilty of murder in the first degree, to the penitentiary of this State for a period of his natural life from and after the 14th day of December, 1909. From that judgment and sentence he prayed and was granted an appeal to this court and the said appeal in contemplation of law is now pending in this court.

On the 5th day of February, 1910, the petitioner applied to this court for an order of supersedeas staying the execution of said sentence pending his said appeal in this court; and the supersedeas was granted and served on the sheriff of Lawrence county, and accordingly the prisoner is in the custody of the said sheriff waiting the determination of the said appeal. On said 5th day of February, 1910, petitioner also filed his petition in this court for a writ of *habeas corpus* to require the sheriff to produce his body in this court, and that he might be admitted to bail pending his said appeal. The writ issued and was return-

able on the 12th of February, 1910. To that petition, the sheriff on the 8th of February, 1910, made his return in due form, stating among other things that he had the said petitioner in his custody and imprisoned in the county jail of Lawrence county by virtue of the judgment and sentence of said Lawrence Circuit Court, of date December 15, 1909, by which defendant was sentenced to the penitentiary for the period of his natural life from December 15, 1909, for the offense of murder in the first degree; that he also held petitioner by virtue of the said order of supersedeas staying the execution of said sentence pending said appeal. Said return was accompanied by a duly certified copy of the said judgment and sentence of the circuit court. Upon the return being filed, it was ordered by the court that the petitioner and the Attorney-General each submit to this court within ten days their suggestions and brief as to whether the petitioner was entitled to bail under the laws of this State, and this having been done, the application is now before us for determination.

The petitioner bases his application for bail upon section 24 of the Bill of Rights, or article 2 of the Constitution of this State, which provides: "That all persons shall be bailable by sufficient sureties, except for capital offenses, when the proof is evident or the presumption great." His contention is that the assessment of punishment and sentence for life imprisonment repelled and effectually removed not only all weight of evident proof and great presumption of capital guilt, but established the fact that he is not guilty of a "capital offense," and that there is no possibility of his capital punishment until the existing judgment and sentence has been reversed on appeal; that there is no longer room for contention that this court is now dealing with a petitioner whose status is that of one liable to punishment by death and that he has not been convicted of a capital offense; that a capital crime is one

for which the punishment of death alone is inflicted, and in support of this contention cites us to the definition of capital offense in Bouvier's Dictionary, p. 284; 6 Cyc. 348; Dusenberry's case, 97 Mo. 504, 507; Walker v. State, 28 Tex. App. 503; Anderson's Dictionary, p. 148. He concedes that so long as "capital" punishment may be inflicted under a pending charge it is considered a capital offense with reference to bail, but insists that when once a trial has occurred and his punishment assessed at less than death then the charge is merged in the sentence and it is not and cannot be a capital offense, or non-bailable as such so long as the judgment remains in force and unreversed. On the other hand, the Attorney-General denies the right of petitioner to bail on two grounds, first, that the right of appeal did not exist at common law and is now enjoyed solely by reason of statute, and the privileges and immunities ancillary thereto, including a stay of execution and bail pending appeal, are likewise of statutory creation and are limited by the number and kind given by statute, and in support of this contention relies upon section 2702, Revised Statutes 1899, which provides: "In all cases where an appeal or writ of error is prosecuted from a judgment in a criminal cause, *except where the defendant is under sentence of death or imprisonment in the penitentiary for life,* any court or officer authorized to order a stay of proceedings under the preceding provisions may allow a writ of habeas corpus, to bring up the defendant, and may thereupon let him to bail upon a recognizance, with sufficient sureties, to be approved by such court or judge." The only preceding section pertinent to this discussion is section 2698, in these words: "No such appeal or writ [of error] shall stay or delay the execution of such judgment or sentence, except in capital cases, unless the Supreme Court, or a judge thereof, or the court in which the judgment was rendered, or the judge of such court, on inspection of the record, shall

be of opinion that there is probable cause for such an appeal or writ of error, or so much doubt as to render it expedient to take the judgment of the Supreme Court thereon, and shall make an order expressly directing that such appeal or writ of error shall operate as a stay of proceedings on the judgment; but in capital cases the order granting the appeal shall operate as such stay absolutely." Section 2703 provides: "The recognizance shall, *in cases of felonies not excepted in the last preceding section,* be conditioned that the defendant shall appear in the Supreme Court," etc. Accordingly, it is argued that since the punishment of petitioner has been assessed at imprisonment in the penitentiary for life, this court is without authority to admit petitioner to bail.

It is evident that petitioner is not entitled to bail under section 2702, supra, because by its very terms, he is excepted from its provisions as he is under sentence of imprisonment for life in the penitentiary, and such is the purport also of sections 2698 and 2703. It is to be observed that section 2702 does not except those who have been found guilty and sentenced for a *capital offense,* but specifies that where the defendant is under sentence of death or imprisonment in the penitentiary for life he is not entitled to bail pending his appeal or writ of error. So that if we look to the statute for authority to bail, clearly the petitioner is not entitled to it under the statute. There is no constitutional right of appeal and in allowing appeals from sentences in criminal causes, it was entirely competent for the Legislature in providing for an appeal to provide also for bail pending the same, or to refuse bail as it deemed best.

Recurring now to the contention of the petitioner that he is entitled to bail by virtue of section 24 of the Bill of Rights, and that it was not within the power of the Legislature by the enactment of section 2702 to deprive him of the right of bail, let us consider the

language of the Constitution. It is, "That all persons shall be bailable by sufficient sureties, *except for capital offenses,* when the proof is evident and the presumption great." The question then is, has petitioner been convicted of a capital offense within the meaning of the Constitution? In Ex parte Dusenberry, 97 Mo. 504, this court unanimously defined a "capital offense," as one "which is punishable, that is to say, liable to punishment, with death. This is the substance of the definitions by the lexicographers, both professional and lay. The offense then is a capital one within the meaning of the Constitution." In that case, the petitioner had been indicted for rape, and our statute, then, as now, provided that a person convicted of that charge should suffer death or be punished by imprisonment in the penitentiary not less than five years in the discretion of the jury.    [R. S. 1879, sec. 1253; R. S. 1899, sec. 1837.]    By our statute, murder in the first degree has always been punishable by death, until the Act of March 18, 1909, which amended section 1817, Revised Statutes 1899, by adding the words: "or be punished by imprisonment in the penitentiary during their natural lives and the jury shall decide which punishment shall be inflicted." So that as amended it now reads: "And persons convicted of murder in the first degree shall suffer death or be punished by imprisonment in the penitentiary during their natural lives and the jury shall decide which punishment shall be inflicted." Ex parte Dusenberry, supra, was reaffirmed in State v. Gray, 100 Mo. 524, and in State ex rel. v. Madison County Court, 136 Mo. 1. c. 326.

In Ex parte Fortenberry, 53 Miss. 428, it appears that by section 8 of article 1 of the Bill of Rights of that State, there was a constitutional right to bail "except for capital offenses, when the proof is evident or presumption great," and that by the Code of 1871, section 2630, of that State, murder was punish-

able with death, but that under the Laws of 1875 it was left to the discretion of a jury to say what the punishment should be and the contention of the petitioner for bail was that since the amendment of the statute leaving it discretionary with the jury to inflict death or imprisonment for life, murder was not longer a capital offense in that State. But the Supreme Court said: ''It is manifest that offenses heretofore capital remain so, under this statute, but with discretion in the jury to award a different penalty. Death is the rule, imprisonment the exception. An indictment, therefore, for a crime heretofore capital must still be regarded as an indictment for a capital offense.''

As opposed to this view of the law, learned counsel for the petitioner cite us to Ex parte Walker, 28 Tex. App. 246. In that case it appears that the Bill of Rights of Texas provides, ''All prisoners shall be bailable by sufficient sureties, unless for capital offenses when the proof is evident.'' Article 55 of the penal code of that State defines a ''capital offense'' as one ''for which the highest penalty is death,'' and article 609 of the penal code declares murder in the first degree to be a capital offense, but by article 35 of the same code, it was provided that a person who commits murder in the first degree before he arrives at the age of seventeen years cannot be punished with death. Accordingly it was held that murder committed by one under seventeen was not a capital offense and therefore he was entitled to bail before conviction. The court cited In re Perry, 19 Wis. 676. The Constitution of Wisconsin provides that, ''all persons shall before conviction be bailable by sufficient sureties, except for capital offenses when the proof is evident or the presumption great,'' but by the Laws of 1853 capital punishment was abolished in that State. It is evident that these last cited cases do not apply to a statute like ours, because in those cases in no event could the

death penalty be inflicted, whereas by our statute, even as amended in 1907, murder in the first degree may still be punished by death.

In Ex parte McCrary, 22 Ala. 65, the petitioner had been indicted for murder and applied for bail, which had been refused by the circuit court.    Thereupon he applied to the Supreme Court for a writ of habeas corpus to revise the action of the circuit court. It appeared in that case that the constitutional provision was that "all persons shall, before conviction, be bailable by sufficient securities, except for capital offenses where the proof is evident or the presumption great." It appeared also that, by the penal code of that State, in all cases of murder in the first degree, the jury had the power to say whether the accused should be punished with death, or sent to the penitentiary for life, and the contention was there, as here, that since the adoption of the penal code, murder in the first degree was not a capital offense within the meaning of the Constitution, but the Supreme Court said: "It is true that since the adoption of the penal code, the jury, in all cases of murder in the first degree, have the power, and it becomes their duty, to say whether the accused shall be punished with death, or sent to the penitentiary for life; but this does not authorize us to say that murder in the first degree is not a capital offense. It may be capital or it may not, according as the jury decide.    The fact, however, that they may decide, does not make the offense less capital before the trial is had, in the sense in which the term 'capital offense' is employed in the Constitution. . . . The obvious intention of the framers of the Constitution, denying to the Legislature the right to pass any laws impairing the right of bail, except in capital cases, was, as to these offenses, to leave them free to pass such laws as they please.    This clause of the Bill of Rights in the Constitution was, many years since,

227 Sup—26

made part of the statute law of the State, and was incorporated in the penal code. The object of making this class of offenses an exception doubtless was to secure the trial of the accused with more certainty than could be effected by mere personal liabilities. These offenses were of so high a grade that no personal securities were deemed a sufficient guaranty that the offender would be brought to punishment. Under the Constitution, and the law as it stood before the adoption of the penal code, although the offense might be reduced, on the trial, below the grade of the one charged, still, when the charge was made, and the proof evident or the presumption great, the magistrates were not permitted to take bail. . . . The penal code is then adopted, giving to the juries the power of saying, in cases of murder in the first degree, whether the accused shall suffer death, or go to the penitentiary for life. This is but a simple extension of the power of. the jury one degree beyond what it was before. Capital punishment still remains."

It will be observed that the Constitution of Alabama limits the right to demand bail "before conviction." These words are absent from our Bill of Rights, and this brings us now to the final contention of the petitioner, that the jury having by their verdict assessed his punishment at imprisonment for life, the offense is no longer capital and the verdict has removed him for the time being from the category of the constitutional description of capital offenders, and hence by the very terms of the Constitution he cannot be deprived of the privilege of bail. And therefore that the decision in Ex parte Dusenberry, which was predicated upon an application for bail before conviction and at a time when the defendant was liable to be punished by death, cannot govern petitioner's right to bail, now that he has been found guilty of murder in the first degree and his sentence pronounced and his punishment assessed at imprisonment for life only.

And it is insisted that section 2702, which deprives him of the right to bail after he was sentenced to imprisonment for life only, is to that extent in violation of the Constitution.

As already noted, in some of the States, the provision in their Constitutions is "that all persons [or prisoners] shall, before conviction, be bailable by sufficient securities, except for capital offenses, where the proof is evident or the presumption great." Obviously in those States this constitutional right does not exist after conviction on appeal or writ of error, but whether bail shall be granted is in the discretion of the court as at common law or governed by the statute, the Legislature not being inhibited to make such provision as it may deem just or proper. But is not this the meaning of our Constitution, even though the words "before conviction" are not used? We think it is.

In Ex parte Voll, 41 Cal. 29, the prisoner had been convicted for manslaughter. The Constitution of California provided: "All persons shall be bailable by sufficient sureties, unless for capital offenses, when the proof is evident, or the presumption great." The statute of that State provided that a person charged with such an offense as manslaughter may be admitted to bail before conviction "as a matter of right," *but after* conviction, "as a matter of discretion" merely. After Voll had perfected his appeal, he sued out his writ of habeas corpus to be admitted to bail, alleging his right to bail. His counsel denied the constitutionality of the statute in so far as it enacted that a conviction already had should take away the right of bail and leave it to the discretion of the court, upon the facts appearing in a particular case. It was insisted that the language of the Constitution was sufficiently broad to embrace not only a case where no trial had been had, but equally a case in which a conviction of an offense less than capital in degree had occurred; that the

Constitution did not regard the particular stage of proceedings which the prosecution may have reached, but only the grade of the offense involved as being less than the capital grade. Upon these contentions the Supreme Court of that State said: "We are of opinion that the Constitution, in declaring bail to be a matter of right, contemplated only those cases in which the guilt of the party had not been already judicially ascertained; cases in which the prisoner as yet stood upon his plea of not guilty, supported with all the presumptions of innocence with which the law delights to surround him. But when his trial has been had and his plea proven false, the law will not stultify itself by presuming him other than that it has itself adjudged him to be. If the Constitution, indeed, intended to introduce the rule of absolute right to bail, as well after as before conviction of such felonies, it would result that no convict could be punished for his ascertained crime if he had either wealth or friends; for no mere pecuniary considerations could weigh against the alternative of a degrading imprisonment at hard labor, for a crime involving moral turpitude. It would operate in practice as a mere money commutation for the infamous corporal punishment which the law has denounced against the perpetration of crime. The literal interpretation insisted upon—following, as it does, the mere words of the Constitution—would not only entitle the prisoner to bail, pending his appeal taken, but would have done so had he not taken an appeal at all. In this view it was unnecessary for him to have stated, as he has done in his petition, that he had appealed from a judgment of conviction, because, upon a literal reading of the Constitution, upon which he insists, that is not a condition imposed upon his right to bail; it is one which is only to be found in the statute, which he seems, however, to have so far observed, even while coming here to assail its constitutionality."

The Constitution of Texas provided (art. 1, sec. 11): "All prisoners shall be bailable by sufficient sureties, unless for capital offenses when the proof is evident." In Ex parte Schwartz, 2 Tex. App. 74, it was said: "The constitutional provision guaranteeing bail except in capital cases, relates to persons who are accused, before trial and conviction. [Ex parte Ezell, 40 Tex. 460.]"

We think the construction put upon the Bill of Rights in California and Texas, in which the words "before conviction" are omitted, as they are in our Constitution, is the correct one. We think the language of section 24, article 2, of our Constitution clearly refers to the right of bail while yet there is room for presumption and while the "proof evident" is open to consideration by the court or judge to whom an application for bail is made, and not to a time when presumptions and proofs are merged in a verdict of guilty. In 3 Am. and Eng. Ency. Law (2 Ed.), p. 675, it is said: "In the United States, after conviction, no constitutional right to bail exists, and the granting of bail rests in the sound discretion of the court." This would be the rule in this State, under our constitutional provision, in the absence of a statute, but, as the Legislature by section 2702, Revised Statutes 1899, denies bail where the defendant appeals or prosecutes a writ of error from a sentence of death or imprisonment in the penitentiary for life, the courts no longer have the power to admit to bail after a conviction and sentence either of death or imprisonment in the penitentiary for life.

It follows that in our opinion section 2702 does not infringe the Constitution and must govern the petitioner's application, and it must be and is accordingly denied, and the petitioner is remanded to the custody of the sheriff of Lawrence county to await the determination of his appeal in this court. *Burgess* and *Fox, JJ.,* concur.