## EX PARTE FRANK CAREY, Petitioner.

### In Banc, December 30, 1924.

1. **BAIL: After Conviction: Pending Appeal.** In Missouri there is no constitutional right to bail after conviction and pending an appeal. The provision of the Constitution guaranteeing bail, except in capital cases, relates to persons who are accused, before trial and conviction.

2. ———: **Right to Appeal.** There is no constitutional right of appeal in this State. Such right is conferred solely by statute; and the privileges and immunities ancillary thereto, including stay of execution and bail pending the appeal, are likewise of statutory creation, and consequently limited to the number and kind given by statute.

3. ———: **After Conviction: Pending Appeal.** Any defendant in a criminal cause, except in cases in which a sentence of death or life imprisonment is imposed, is, under a clear construction of the statutes in which the Legislature has acquiesced for more than thirty years, entitled as a matter of right to bail pending his appeal from a judgment of conviction. [Reviewing and re-considering Secs. 4088, 4092, R. S. 1919.]

4. ———: ———: ———: **Granted by Supreme Court: Habeas Corpus.** Petitioner was convicted of burglary and larceny, and sentenced to

imprisonment in the penitentiary for a term of twelve years, and from such judgment he was in due course allowed an appeal, and the appeal in contemplation of law is pending in this court. Pursuant to the judgment and sentence he was conveyed by the sheriff to the penitentiary and is now in the custody of the warden. He did not apply to the court in which the judgment of conviction was rendered or to the judge thereof, nor has he applied to this court or to a judge thereof, for a stay of execution pending his appeal; but he simply asks, by his application for a writ of *habeas corpus*, that he be admitted to bail, and bases his right to bail on the sole ground of the pendency of his appeal from the judgment and sentence under which he is held in confinement. *Held*, that he presents a case which falls within the provisions of Section 4092, Revised Statutes 1919, as it has for many years been construed by this court, and he is entitled to bail during the pendency of his appeal, and it is accordingly ordered that he be let to bail upon a recognizance to be approved by this court.

Citation to Headnotes:　**Bail,** 6 C. J. par. 185.

## *Habeas Corpus.*

Wᴇɪᴛ ᴀᴡᴀʀᴅᴇᴅ.

*W. C. Irwin* for petitioner.

*Jesse W. Barrett,* Attorney-General, and *Wm. L. Vandeventer,* Assistant Attorney-General, for John S. Crawford, Warden of Penitentiary.

(1)　The right of appeal in criminal cases is unknown to the common law. State v. Leonard, 250 Mo. 406; State v. Thayer, 158 Mo. 36; Buessel v. United States, 258 Fed. 811; 17 C. J. p. 13, sec. 3261. (2)　There is no constitutional right of appeal in Missouri. Ex parte Heath, 227 Mo. 398. (3)　The right of appeal is purely statutory. State v. Leonard, 250 Mo. 406; State v. Mericle, 245 Mo. 548; State v. Campbell, 297 Mo. 187. (4) The constitutional right to bail does not confer the right to bail pending appeal from a conviction. With the exception of Louisiana the courts have uniformly so

held.  Re Welisch, 18 Ariz. 517; Ex parte Voll, 41 Cal.
29; Ex parte Smallman, 54 Cal. 36.; Ex parte Brown, 68
Cal. 177; 6 Am. Crim. Rep. 55; Ex parte Smith, 89 Cal.
79; Romeo v. Downer, 69 Colo. 281; Re Schriber, 19 Ida.
531, 37 L. R. A. (N. S.) 693; Ex parte Dyson, 25 Miss.
356; Ex parte Heath, 227 Mo. 393; Ex parte Dipley, 233
Mo. 235; Ford v. State, 42 Neb. 418; State v. McFarlin,
41 Nev. 105; State v. Ward, 9 N. C. (2 Hawks) 443; State
v. Clark, 15 Ohio, 595; Ex parte Herndon, 19 Am. Law
Rep. 804; Butt v. State, 131 Tenn. 415; Ex Parte Ezell,
40 Tex. 451, 19 Am. Rep. 32; Ex parte Schwartz, 2 Tex.
App. 74; Re Boulter, 5 Wyo. 263.   (5)   An appeal shall
not stay or delay execution of a judgment (except in
capital. cases) unless the Supreme Court, or a judge
thereof, or the court in which the judgment was rendered,
or the judge of such court, on inspection of the record,
shall be of the opinion that there is probable cause for
such appeal, or so much doubt as to render it expedient
to take the judgment of the Supreme Court thereon. Sec.
4088, R. S. 1919.

RAGLAND, J.—The petitioner was convicted of
the crimes of burglary and larceny in the Criminal Court
of Greene County, and sentenced to the State Peniten-
tiary·for a term of twelve years.  From such judgment
he ·was in due course allowed an appeal to this court,
and the appeal is in contemplation of law now pending
here.  After the appeal was granted the trial court, on
the petitioner's application, ordered that he be admitted
to bail pending the appeal, upon a recognizance, with
good and sufficient sureties, in the sum of $10,000.  Sub-
sequently and before a recognizance was entered into
the court set the order aside.  Thereupon the Sheriff
of Greene County, pursuant to the judgment and sen-
tence, conveyed the petitioner to the penitentiary, and
delivered him to the warden, in whose custody he now is.

The petitioner did not apply to the court in which
the judgment of conviction was rendered, or to the judge

thereof, for a stay of execution pending the appeal. Nor has he applied to this court, or to any judge thereof, for such a stay. He simply asks that he be admitted to bail and predicates the right thereto on the sole ground of the pendency of an appeal from the judgment and sentence under which he is held in confinement.

I. In Missouri there is no constitutional right to bail after conviction; the provision guaranteeing bail, except in capital cases, relates to persons who are accused, before trial and conviction. [Ex parte Heath, 227 Mo. 393.] Nor is there any constitutional right of appeal in this State. Such right is enjoyed solely by statute, and the privileges and immunities ancillary thereto, including stay of execution and bail pending the appeal, are likewise of statutory creation and consequently limited to the number and kind given by statute. [Ex parte Heath, supra; State v. Leonard, 250 Mo. 406.]

The statutory provisions which govern the staying of executions, and the letting of the defendant to bail, pending an appeal from a judgment in a criminal cause, are embodied in the following sections, Revised Statutes 1919:

"Sec. 4088. No such appeal or writ shall stay or delay the execution of such judgment or sentence, except in capital cases, unless the Supreme Court, or a judge thereof, or the court in which the judgment was rendered, or the judge of such court, on inspection of the record, shall be of opinion that there is probable cause for such an appeal or writ of error, or so much doubt as to render it expedient to take the judgment of the Supreme Court thereon, and shall make an order expressly directing that such appeal or writ of error shall operate as a stay of proceedings on the judgment; but in capital cases the order granting the appeal shall operate as such stay absolutely.

"Sec. 4089. If the court in which the judgment was rendered, or the judge thereof, refuse such order, he shall

nevertheless suspend the execution of the judgment, except as to fine and costs, if necessary, to allow sufficient time to make application' to the Supreme Court, or a judge thereof, for such order.

"Sec. 4090. When any order to stay proceedings shall be made by the Supreme Court, or by any judge in vacation, the same, together with the writ of error, if any, shall be filed with the clerk of the court in which the judgment was rendered, who shall furnish the party filing the same with a certificate thereof, together with a copy of the order.

"Sec. 4091. If the defendant in the judgment so ordered to be stayed shall be in custody, it shall be the duty of the sheriff, if the order were made by the court rendering the judgment, or upon being served with the clerk's certificate and a copy of the order, to keep the defendant in custody without executing the sentence which may have been passed, to abide such judgment as may be rendered upon the appeal or the writ of error.

"Sec. 4092. In all cases where an appeal or writ of error is prosecuted from a judgment in a criminal cause, except where the defendant is under sentence of death or imprisonment in the penitentiary for life, any court or officer authorized to order a stay of proceedings under the preceding provisions may allow a writ of *habeas corpus,* to bring up the defendant, and may thereupon let him to bail upon a recognizance, with sufficient sureties, to be approved by such court or judge."

If the construction of these sections was one of first impression the writer would unhesitatingly hold with the Attorney-General, who raises the question, that a convicted defendant cannot be let to bail under Section 4092, pending an appeal from a judgment of conviction, unless and until a stay of execution has been granted under the provisions of Section 4088. The two sections are *in pari materia;* they must be read together and both given effect. If Section 4092 authorizes the bailing of a defendant regardless of whether he is entitled to a stay

of execution under Section 4088, then it completely nullifies the plain mandate of the latter section. It seems beyond cavil that unless a defendant is entitled to a stay of execution, he is not entitled to bail, which is in effect a stay. According to my further reading of the sections just mentioned a stay of execution, though a condition precedent to bail, does not in and of itself entitle the defendant to bail. He may have an absolute right to a stay of execution under Section 4088 and yet bail may be withheld in the discretion of the court. According to the plain language of Section 4092 the authority therein conferred is purely discretionary.

The provisions of the statute relating to stay of execution, and letting the defendant to bail, pending an appeal, were manifestly intended to discourage frivolous and vexatious appeals. The phrase "probable cause for . . . an appeal," found in Section 4088, as construed by courts of other jurisdictions in passing upon similar statutes, means "that there is presented a case that is debatable; a case that is not clearly and palpably frivolous and vexatious; a case upon which there may be an honest difference of opinion." In addition to the phrase just quoted and immediately following it in Section 4088 this language occurs: "or so much doubt as to render it expedient to take the judgment of the Supreme Court thereon." It seems entirely clear, therefore, that our statute contemplates that an appealing defendant, in order to obtain a stay of execution of the judgment appealed from, must be able to point out some fact or ruling upon which he relies for a reversal and with respect to which reasonable minds may well reach different conclusions. If he is unable to do so it is to be considered that the appeal was not taken bona-fide, but for vexation or delay, and in that event the defendant is not entitled to a stay, much less to bail.

The foregoing personal observations are made for the purpose of emphasizing the ground upon which it is deemed necessary to base a decision in this case.

II.   The provisions heretofore set out have been a part of the statute law of this State ever since the right of appeal in felony cases was first accorded.   They first appear in the Revised Statutes of 1835, and in substantially the same form in which they are cast in the last revision.   Notwithstanding, there seems to have been no decision of this court prior to In re Bauer, 112 Mo. 231, decided in 1892, which deals in any way with their application or construction.   The opinion in In re Bauer was written by Judge Gantt in Division Two of this court and was concurred in by all of the other members of that division.   Fourteen years later their construction was again called in question in Ex parte McAnally, 199 Mo. 512.   The opinion in that case was written by Judge Valliant in Division One, and was concurred in by the other judges of that division.   These two decisions were deemed by the bench and bar of the State to settle the construction of the sections under review, in so far as they are determinative of the question involved in the present case.   They both hold in effect, if not expressly, that the two sections, 4088 and 4092, independently of each other, provide separate and distinct methods of obtaining a stay of execution pending an appeal by the defendant in a criminal cause.   The first directly, by means of an express order; and the second indirectly, through admission to bail under *habeas corpus.*

In the Bauer case it was said: "But  .  .  .   it was most clearly the intention of the Legislature, before incarcerating a citizen in the penitentiary, to allow him to be heard on his appeal, and in the meantime suspend the proceeding in either of two cases:  *First,* if the court in which he was convicted or this court should direct the stay as provided in Section 4279 [4088] ; or *secondly,* if the court in which he was convicted or the judge thereof, or this court or a judge thereof, *should admit him to bail pending his appeal.*"

And in the McAnally case:  "Thus we see that by Section 2698 [4088] the court or judge authorized to

grant the appeal may on granting it order a stay of execution, and by Section 2702 [4092] where no such stay has been ordered the court or judge may admit to bail on *habeas corpus.*"

The fundamental idea underlying both decisions, as disclosed by the opinions, is this: If a defendant in a criminal cause who has appealed from the final judgment therein may notwithstanding be subjected to the punishment assessed against him, while his appeal is pending and before it can be heard, then the remedy afforded by appeal can thereby be measurably defeated; this the Legislature after expressly conferring the remedy could not have intended.

Under the construction placed upon Section 4092 in the Bauer and McAnally cases, any defendant in a criminal cause, except in cases in which a sentence of death or imprisonment for life is imposed, is entitled as a matter of right to· bail pending his appeal from a judgment of conviction. This construction has been acquiesced in by the Legislature for more than thirty years. Not only that, but the Legislature, after such judicial construction had been placed upon Section 4092, re-incorporated it without change or amendment into two subsequent revisions of the statutes, thereby adopting the construction. The construction has therefore become a part of the statute itself. If the statute as so construed does not measure up to the requirements of adequate law enforcement, as now conceived, the remedy lies with the Legislature rather than with this court.

The petitioner has presented a case which falls within the provisions of Section 4092 as we have heretofore construed them, and is therefore entitled to bail during the· pendency of his appeal. It is accordingly ordered that he be let to bail upon a recognizance, in the sum of $10,000, conditioned according to the requirements of Section 4093, Revised Statutes 1919, with sufficient sureties, to be approved by this court. All concur; *Graves, C. J.,* and *David E. Blair, J.,* in· Paragraph II and the result.