PEOPLE v. COHEN

1. CRIMINAL LAW—SENTENCES—TIME SERVED BEFORE SENTENCING—
STATUTES—CONSTRUCTION.

The statute requiring crediting a defendant with time spent in
jail prior to sentencing is a remedial provision and should be
liberally construed so as to effectuate the salutary purpose
sought to be achieved by the Legislature in the statute's
enactment (MCLA § 769.11b).

2. CRIMINAL LAW—SENTENCES—TIME SERVED BEFORE SENTENCING—
STATUTES—CONSTRUCTION.

Statute requiring crediting a defendant with time spent in jail
prior to sentencing was not intended to make the accused
choose between pleading guilty at the earliest possible time
or running the risk of spending additional time in custody
(MCLA § 769.11b).

3. CRIMINAL LAW—SENTENCING—TIME SERVED BEFORE SENTENCING—
FEDERAL IMPRISONMENT.

The sentence imposed upon conviction of a narcotic violation in
a state court must be reduced by giving credit to the defend-
ant for time served in Federal imprisonment for conviction
of a Federal drug violation where the defendant had been
arrested for the state drug violation and while free on bond
pending disposition of the state charge was arrested for the
Federal drug violation, the defendant was convicted, sen-
tenced, and served time on the Federal charge in a Federal
prison before he was sentenced on a conviction of the state
charge, because the Federal imprisonment was a lawful deten-
tion and a detrimental freedom-interfering particular circum-
stance for which credit must be allowed (MCLA § 769.11b).

REFERENCES FOR POINTS IN HEADNOTES
[1–3] 21 Am Jur 2d, Criminal Law § 545.
Time which convict spends in hospital as credit on his sentence.
62 ALR 246.

Appeals from Kalamazoo, Lucien F. Sweet and Wade Van Valkenburg, JJ. Submitted Division 3 September 7, 1971, at Grand Rapids. (Docket Nos. 10727, 10728.) Decided September 23, 1971.

Gary Cohen was convicted, on his pleas of guilty, of two separate drug violations. Defendant appeals. Cases consolidated on appeal. Remanded with instructions.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Donald A. Burge,* Prosecuting Attorney, and *Robert L. Pangle,* Chief Appellate Attorney, for the people.

*I. Goodman Cohen* and *Michael S. Friedman,* for defendant on appeal.

Before: T. M. BURNS, P. J., and FITZGERALD and HOLBROOK, JJ.

PER CURIAM. This case questions the allowance of credit for time served in jail prior to sentence.[1]

On November 1, 1968, and on June 9, 1969, defendant was arrested in Kalamazoo, Michigan, on drug violations. MCLA 1971 Cum Supp § 335.106 (Stat Ann 1971 Cum Supp § 18.1106). In each case bonds were furnished and defendant was released.

Between the first and second Kalamazoo arrests, on January 30, 1969, the defendant while free on bond was arrested by Federal agents and charged with conspiracy and sale of LSD.

---

[1] MCLA § 769.11b (Stat Ann 1971 Cum Supp § 28.1083[2]). "Whenever any person is hereafter convicted of any crime within this state and has served any time in jail prior to sentencing because of being denied or unable to furnish bond for the offense of which he is convicted, the trial court in imposing sentence shall specifically grant credit against the sentence for such time served in jail prior to sentencing."

A guilty plea was entered on the Federal charge and on June 22, 1970, defendant began serving his sentence of a year and a day.

On August 24, 1970, defendant was before the Kalamazoo court on a writ of habeas corpus to answer the pending charges. Defendant entered a plea of guilty in each of these cases. Sentencing was set for October 12, 1970.

On November 16, 1970, after two postponements, defendant was sentenced from one year, nine months to two years in both cases. The only credit allowed against these sentences was two days for time spent in local custody shortly after his arrest. Both sentencing judges refused to credit defendant with the time spent in Federal detention.

The two issues on appeal are:

1. *Was it proper to fail to credit defendant with time spent in Federal custody from July 22, 1970, to November 16, 1970, when defendant was sentenced in the Kalamazoo Court?*

2. *Were defendant's constitutional rights violated by the trial court's delay in sentencing?*

Close adherence to statutory words and phrases would make both the prosecutor and the trial judges correct in refusing credit time while the bonds were in effect and when they were for offenses of which defendant was later convicted.

But, the cases do not apply, nor do they advocate strict or rigid construction. The rule stated is: This statutory provision is remedial and should be liberally construed and effectuate the salutary purpose sought to be achieved by the Legislature in its enactment. *People* v. *Chattaway* (1969), 18 Mich App 538; *People* v. *Havey* (1968), 11 Mich App 69; *People* v. *Hall* (1969), 19 Mich App 95, 100; *People* v. *Haines* (1970), 24 Mich App 240.

In *Havey* the Court stated, at p 82:

"Statutes relating to the computation of time served under a sentence, and allowance of credit thereon for time served under particular circumstances, were designed to confer a benefit on the person lawfully detained, and may not be interpreted to his detriment. 24B CJS, Criminal Law, § 1995(4), p. 641."

In this case Federal imprisonment was a lawful detention and a detrimental freedom-interfering particular circumstance for which credit is allowed. See *In re Evans* (1969), 18 Mich App 426, 430, 431.

In the *Chattaway* case, the Court held, at p 542:

"The construction of the statute which the people seek is in conflict with the legislative purpose as that construction would chill exercise of the right to a trial by an accused person who, like the defendant, faces more than one untried charge."

We hold that it is not the statutory intent to require an accused to plead guilty at the earliest opportunity or to run the risk of spending additional time in custody.

This case is remanded to the Kalamazoo Circuit Court with instructions to credit the defendant with the days spent in Federal confinement. Our decision obviates consideration or discussion of defendant's second issue.