**Samuel E. GILLIS, Petitioner,**

v.

**Harold R. SWENSON, Respondent.**

No. 58131.

Supreme Court of Missouri,
En Banc.

June 11, 1973.

John W. Frankum, Henry Andrae, Hendren & Andrae, Jefferson City, for petitioner.

John C. Danforth, Atty. Gen., Stephen D. Hoyne, Asst. Atty. Gen., Jefferson City, for respondent.

HENLEY, Judge.

This is a habeas corpus proceeding commenced in this court. Petitioner is in the custody of and is detained by respondent as warden of the Missouri state penitentiary pursuant to a judgment of the circuit court of Jackson County. He alleges that the term of his sentence has expired and, therefore, his imprisonment is unlawful. We quash the writ and remand petitioner.

On December 6, 1967, Paul E. Vardeman, one of the judges of the circuit court of Jackson County, sentenced petitioner to imprisonment in the penitentiary for a term of five years on his plea of guilty to the offense of stealing from the person as charged in Jackson County case number C–36487. On the same day, Judge Vardeman placed him on parole for a period of five years.

On October 20, 1970, William J. Peters, one of the judges of the circuit court of Jackson County, sentenced petitioner to imprisonment in the penitentiary for a term of five years on his plea of guilty to the offense of first degree robbery as charged in Jackson County case number C–38345B. The court gave him credit on this sentence for the time spent in jail prior to conviction, i.e., from February 16, 1969, until the date he was received at the penitentiary, said to be 614 days.

On October 30, 1970, Judge Vardeman revoked petitioner's parole in the stealing

case and the five-year sentence imposed in December, 1967, was ordered executed. The court did not give petitioner credit on this sentence for that portion of the time on parole which was spent in jail, i.e., from February 16, 1969 until his delivery to the penitentiary. On February 17, 1969, while confined in the Jackson County jail awaiting disposition of the robbery charge, petitioner was ordered held pursuant to a detainer warrant issued by the State Board of Probation and Parole.

Respondent admits in his return that petitioner has completed service (under the three-fourths rule, § 216.355, RSMo 1969, V.A.M.S.) of the sentence imposed in the robbery case in which he was given credit for time spent in jail, but alleges that petitioner has not completed service of the sentence imposed in the stealing case and for that reason he lawfully retains petitioner's custody.

Petitioner contends that he is entitled to credit on the stealing sentence also for the approximately 614 days spent in jail after the detainer warrant was issued; that by reason thereof he is entitled to discharge and respondent's detention of him is unlawful.

Admittedly, he would have completed his sentence in the stealing case in November, 1972, and would be entitled to discharge, if under the law credit is required to be given him on that sentence for the time in jail.

■ Section 549.101, § 1, RSMo 1969, V.A.M.S., provides that when a judicial parole is revoked "[t]he court in its discretion may order the allowance in mitigation of the sentence credit for all or for part of the time the defendant was upon probation or parole." The court, in its discretion, refused to allow petitioner credit on the stealing sentence for any part of the time he was on parole. No abuse of that discretion appears.

Petitioner contends that § 546.615, RSMo 1969, V.A.M.S., requires that he be given

credit on this sentence for the time spent in the county jail subsequent to his December, 1967, sentence. At the time the sentence was imposed and when ordered executed, § 546.615, § 1, subdivision (1) read as follows: "When a person has been convicted of a criminal offense in this state * * * [t]he time spent by him * * * in jail subsequent to the date of his sentence and prior to his delivery to the state department of corrections shall be calculated as a part of the sentence imposed upon him * * *." Petitioner argues that although the time spent in jail between February 16, 1969 and the date of his delivery to the penitentiary was time on parole, credit for which is discretionary with the court, it was also time in jail "subsequent to the date of his sentence," credit for which is mandatory. In other words, petitioner says that the same period of time (February 1969 to date of delivery to the penitentiary in October, 1970) spent in jail before his robbery conviction, for which the court in its discretion gave him credit on his sentence for that offense, is also time spent in jail "subsequent to the date of his sentence" for the prior stealing conviction within the meaning of that part of subsection 1 of § 546.615 quoted above.

■ Section 546.615 is not applicable to a situation where a person has been convicted and sentenced, released on parole, and the parole thereafter revoked and the sentence ordered executed, as here. In that situation the applicable and controlling statute is § 549.101 relative to persons on probation or parole. The first section, a part of the chapter of our statutes on trials, judgments, and executions in criminal cases, refers or speaks to credit for time in jail before and after a sentence for which a convicted person is to be delivered immediately to the penitentiary by an officer who is required to deliver with him a commitment on which the officer must endorse the length of time spent in jail by his prisoner subsequent to sentence and prior to delivery to the department of corrections (and, if applicable, the time

spent in jail, before conviction[1]); it obviously does not contemplate or speak to a situation where a convicted person is immediately released on parole after sentence.

It has been suggested that the two sections are somewhat in conflict in that one (§ 546.615) makes it mandatory that a convicted person be given credit on his sentence for time in jail after sentence, and the other (§ 549.101) makes it discretionary with the court whether to give credit on his sentence for time on parole (part of which is spent in jail) after sentence. We do not agree that there is a conflict. However, assuming for the purpose of discussion that there is, § 549.101 would control because it is applicable specifically to the revocation of parole and the effect thereof. We believe that the legislature intended for good reason that discretion be vested in the trial judge whether to allow credit for jail time on the sentence of a person who has been granted but has breached his parole rather than make it mandatory that he be given credit along with those persons who had not been granted the privileges the parolee had been accorded and forfeited.

■ Petitioner also contends that to deny him credit on the stealing sentence for the 614 days in jail denies him constitutional rights to due process and equal protection of the law and "protection from double jeopardy," and that such denial is cruel and unusual punishment. Essentially the same contentions were made and ruled adversely to petitioner's position in State v. Crockrell, 470 S.W.2d 507 (Mo.1971). His contention is without merit.

The time for which petitioner may be legally detained by respondent under the sentence for stealing from the person (Case number C–36487) has not expired.

The writ of habeas corpus is quashed and petitioner is remanded to the custody of respondent.

DONNELLY, J., concurs.

FINCH, C. J., concurs in separate concurring opinion filed.

HOLMAN, J., concurs and concurs in separate concurring opinion of FINCH, C. J.

SEILER, J., dissents in separate dissenting opinion filed.

MORGAN, J., dissents and concurs in separate dissenting opinion of SEILER, J.

BARDGETT, J., dissents and concurs in separate dissenting opinion of SEILER, J., except those portions thereof which the dissenting opinion indicates are not necessary to the dissent.

FINCH, Chief Justice (concurring).

I fully concur in the principal opinion herein. I find this additional reason for so doing:

As I read the dissenting opinion, it proceeds on the premise that petitioner was held in jail for 614 days based upon and pursuant to the detainer warrant issued by the State Board of Probation and Parole. The fact is that petitioner, while at liberty on parole from a five-year sentence for stealing (Case No. C–36487), was arrested and placed in jail on a first degree robbery charge (Case No. C–38345B) and he remained in jail on that charge until sentenced thereon on October 20, 1970.

After petitioner already was in jail on the first degree robbery charge, the detain-

---

1. This was a part of the provisions of § 546.615 before its amendment in 1971, effective September 28, 1971. As amended, that section now makes allowance of jail time before conviction mandatory and requires the officer to endorse that time on the commitment.

er warrant for parole violation was issued. Hence, it is erroneous to say, as does the dissent, that prior to the detainer the petitioner was free, or that petitioner, as a result of the detainer, must serve a five-year sentence plus 614 days on the stealing judgment. His jailing was on the first degree robbery charge. We are not dealing with a situation wherein one at liberty is apprehended and placed in jail on a detainer warrant for parole violation.

SEILER, Judge (dissenting).

I respectfully dissent. In my opinion, defendant has served his time and is entitled to discharge.

This is habeas corpus. Our duty is to determine the legality of petitioner's restraint under his five year stealing sentence, it being agreed that petitioner has completed service of his five year robbery sentence mentioned in the principal opinion.

The answer turns on the resolution of a simple question: where the defendant has been convicted of stealing, sentenced to five years imprisonment on December 6, 1967, placed on judicial parole which is revoked October 30, 1970 after defendant has been held since February 17, 1969 pursuant to a detainer warrant issued by the state board of probation and parole, is the defendant entitled to credit on the five year stealing sentence for the 614 days spent in confinement in the county jail between the date of the detainer and his reception at the state penitentiary? If so, all agree he is entitled to discharge forthwith.

Judge Vardeman, who sentenced defendant in 1967, elected to retain jurisdiction by exercising his power to put him on parole under Sec. 549.071, RSMo 1969, V.A.M.S., which is the only legal way a circuit judge can exercise continuing jurisdiction over a convicted defendant. Otherwise the law requires defendant be transported to the penitentiary to serve his sentence and Judge Vardeman would have lost jurisdic-

tion. Therefore, when defendant is ordered held pursuant to a detainer warrant pending determination as to revocation of parole and execution of sentence, the ensuing confinement is directly related to the original finding of guilty and resulting sentence. Absent the original sentence and related parole, there was no basis on which defendant could have been required to remain in jail in the detainer, Sec. 549.-101(1). Hence, the time spent by defendant in jail under the detainer warrant is necessarily time in jail subsequent to and by virtue of the five year sentence for stealing and this being the case, it follows defendant is entitled to credit on that sentence for all such time under our jail time statute, Sec. 546.615, RSMo 1969, V.A.M.S., either as it existed prior to amendment or as amended in 1971. If not, defendant will serve five years plus 614 days on a five year sentence.

The principal opinion arrives at the contrary result by a process of construction. It states that the jail time statute, Sec. 546.615, applies only to situations where a convicted person is to be delivered to the penitentiary immediately after conviction. The opinion points to no language in Sec. 546.615 so declaring, but stresses that the section is found in the chapter on trials, judgments and executions in criminal cases. However, "The headings of chapters, articles, or sections are not to be considered in construing our statutes; these indicia are mere arbitrary designations inserted for convenience of reference by clerks or revisers, who have no legislative authority, and are therefore powerless to lessen or expand the letter or meaning of the law . . .", State v. Maurer, 255 Mo. 152, 164 S.W. 551, 552 (1914). The jail time statute was enacted as a separate statute in 1959, H.B. 262. It contains nothing saying it is to be placed in any particular chapter of the statutes. I do not believe that the place where the revisor of statutes has put the jail time statute in the revised statutes adds anything to its meaning.

The opinion holds Sec. 546.615 does not apply to a situation "where a convicted person is immediately released on parole after sentence" which is literally true, of course, because in the example put there is no confinement after sentence on which jail time can apply, but the example is not parallel as it leaves out the critical factor of defendant's subsequently being held in jail under detainer for 614 days pending revocation. The principal opinion holds further that Sec. 549.101(1) does apply and construes it as making discretionary with the court whether to allow credit on the sentence for time spent in jail on a parole detainer.

It is the basic rule of statutory construction to ascertain the legislative intent from the plain meaning of the words, if possible, using the plain and ordinary meaning so as to fulfill the manifest purpose and object of the statute, State v. Wiggins, 454 S.W. 2d 899, 902–903 (Mo. banc 1970). If there appears to be conflict in the statutes, the court must reconcile and harmonize them if it is reasonably possible to do so, Flarsheim v. Twenty Five Thirty Two Broadway Corp., 432 S.W.2d 245, 251 (Mo.1968), and statutes relating to the same subject matter must be read together whenever possible, which is of significance here because the parole and jail time statutes under consideration both relate to convictions and sentences to be served.

With the above principles in mind, I suggest the following analysis of Secs. 549.101(1) and 546.615 is the correct one as to the meaning and intention of the legislature. The last sentence of Sec. 549.-101(1) provides as follows: "The court in its discretion may order the allowance in mitigation of the sentence credit for all or part of the time the defendant was upon probation or parole." This was enacted in 1963, when the general assembly repealed various sections relating to judicial paroles and enacted in lieu thereof twelve new sections relating to the same subject matter. The above quoted language giving the court power to mitigate a sentence by crediting time on parole was a substantial change by the legislature in the direction of leniency, as the prior statutes, Secs. 549.070 and 549.090, RSMo 1959, specifically provided the time on parole was not to be counted as part of the time on the sentence and the court was given no discretion.

The key to the intent of the legislature in enacting the portion of Sec. 549.101(1), supra, under consideration, is the words "allowance in mitigation." To mitigate is to make less severe, soften, alleviate, relieve or assuage. It is the direct opposite of enhance or increase. By changing the law about not permitting time on parole to be counted as part of the sentence and giving the court discretion to order such credit in mitigation of the sentence, the legislature was increasing the flexibility and latitude of the trial court in handling the many different types of convicted persons with whom the courts must deal, and at the same time was creating a powerful incentive for a parolee to comply with the conditions of his parole. I find nothing in the language used or in the reasonable analysis of the purpose behind the statute to support the interpretation or construction that Sec. 549.101(1) was intended to permit the trial court to enhance or increase the sentence or was meant to foreclose the application of the general jail time statute, Sec. 546.615, which is exactly what happens when the court orders the sentence executed with no credit for time spent at liberty while on parole and no credit is given by law for the time spent in jail under the detainer warrant awaiting the parole revocation. Although the effect of the principal opinion is otherwise, I do not believe there is any law which allows the state to exact punishment greater than the sentence imposed, or that the legislature had any such intent in enacting Sec. 549.101(1).

In the case before us, for example, the stark fact is defendant must serve the full five years on the stealing sentence plus the 614 days he spent in jail under the detainer warrant—almost seven years in confine-

ment on a five year sentence. If defendant's sentence had been the maximum—ten years—and the other facts remain unchanged, then the application of Sec. 549.101(1) as made by the principal opinion, would mean that the court could keep a defendant in confinement beyond the maximum term prescribed by the legislature. I do not believe the legislature had any such intent in enacting Sec. 549.101(1) with the obvious beneficent purposes and motives referred to above.

An example which must occur frequently is the case where the parolee, after being at liberty, is arrested and confined on a detainer warrant and is in jail, say, for 30 days pending the revocation hearing and is then taken to the penitentiary. I do not believe the legislature intended that under these circumstances defendant can be denied credit for his jail time for 30 days, yet such is the result of the principal opinion. Other similar examples will readily occur to the reader.

The principal opinion states further that it was the intent of the legislature under Sec. 549.101(1) to give the trial court discretion not to allow jail time on the sentence of a person who had been granted but breached his parole on the theory that the parolee was not to be given mandatory credit along with persons who had not been paroled and "been granted the privileges the parolee had been accorded and forfeited." Put another way, the principal opinion holds that Sec. 549.101(1) means that when a parolee breaches his parole, he is held to have "forfeited" his subsequent jail time incurred while in confinement on the parole detainer and before his delivery to the penitentiary. This view ascribes to the legislature an intent to punish those who violate parole over and above the revocation of the parole and imposition and execution of the original sentence. I find

no language in Sec. 549.101 warranting such conclusion or vindictive intent by the legislature. The punishment is the revocation of the parole. The language of the sections on judicial parole indicates rather clearly that the "time" the defendant was on parole which the court may or may not, as it sees fit, order allowed in mitigation of the sentence, refers to the time the defendant was *free* on parole and has no reference to time spent in jail on detainer awaiting the revocation hearing. In fact, "parole" and "probation" are both defined by Sec. 549.058(2) and (3) in terms of freedom from confinement, one as "release of a prisoner to the community" and the other as release "by the court without confinement". Sec. 549.071 speaks in terms of permitting defendant "to go at large". Sec. 549.101 sets out the procedure for apprehending a defendant who is at liberty on parole. In the case before us, while defendant's parole was not officially revoked by Judge Vardeman until October 30, 1970, defendant was not a parolee or free on parole after the detainer warrant was lodged against him on February 17, 1969 [1] in the sense that he was prior to that time when he was at liberty. Before the detainer he was free, even though under sentence. After the detainer he was not. It is with reference to the time he was free on parole that Sec. 549.101(1) is directed.

The controlling statute with respect to jail time is Sec. 546.615, originally enacted, as stated, in 1959, Laws 1959, H.B. 262, entitled "An Act Relating to calculating the terms of imprisonment of persons convicted of criminal offenses." The language is extremely broad, applying to all convictions and containing no exceptions as to parolees. It provided as follows:

"Section 1. When a person has been convicted of a criminal offense in this state

[1]. As an illustration of how tightly defendant was confined as a parole violator, he did not even have right to bail under the detainer warrant, Ex parte Carey, 306 Mo. 287, 267 S.W. 806 (banc 1924); Ex parte Heath, 227 Mo. 393, 126 S.W. 1031 (1910); compare Sec. 549.254(1), RSMo Supp.1961, which permitted release on bail of persons arrested for violations of probation conditions, since repealed.

"(1) the time spent by him in prison or jail subsequent to the date of his sentence and prior to his delivery to the state department of corrections shall be calculated as a part of the sentence imposed upon him; and

"(2) the time spent by him in prison or jail prior to his conviction and the date on which sentence is pronounced may, in the discretion of the judge pronouncing sentence, be calculated as a part of the term of the sentence imposed upon him.

"2. When the time spent in prison or jail is calculated as a part of the term of the sentence under the provisions of subdivision 1 of this section, the time so spent in prison or jail shall, in addition to any reduction of time allowed under section 216.355, RSMo, be deducted from the term of the sentence.

"3. It is the duty of the officer required by law to deliver a convicted person to the state department of corrections to endorse upon the commitment papers the length of time spent by the person in a prison or jail subsequent to the date of his sentence and prior to his delivery to the state department of corrections, and if, by the terms of the sentence, the time spent in prison or jail prior to conviction and sentence is to be calculated as a part of the term, the officer shall also endorse upon the commitment papers the length of time spent in prison or jail prior to the person's conviction and sentence."

The authorities have for years been picking up defendants who have violated their parole. If the legislature had intended that credit was not to be given for time spent in jail after being picked up for a parole violation, it would have been simple for the legislature to have said so in the jail time statute. The legislature did expressly exempt jail time prior to sentence from the mandatory credit language of the statute, and the absence of language exempting jail time after parole detainer shows the legislature had no such exception in mind. Instead it required credit

for the time spent in jail subsequent to date of sentence and prior to delivery to the penitentiary. It seems clear that the only kind of jail time where the court had any discretion at the time this sentence was ordered executed was jail time prior to conviction. Once sentence is imposed, whether or not execution is suspended and parole is granted, any jail time after sentence must be credited. So construed there is no conflict between Secs. 546.615 and 549.101(1). One pertains to jail time and the other pertains to time free on parole. The case before us fits section 3 of the jail time statute, above, exactly. Defendant was sentenced by Judge Vardeman on December 6, 1967. After the parole was revoked and the sentence ordered executed October 30, 1970 in these words: ". . . and it is further ordered by the Court that said defendant be remanded to the custody of the Sheriff of Jackson County, Missouri, and that said Sheriff shall, without delay, remove and safely convey the said defendant to the . . . Department of Corrections . . . there to be kept, confined and treated in the manner directed by law . . .", it became the duty of the sheriff to endorse on defendant's commitment papers the length of time spent by defendant in a jail "subsequent to the date of his sentence and prior to his delivery to the state department of corrections", which would be 614 days.

I am unable to follow the view expressed by Chief Justice Finch in his concurring opinion that defendant was held in jail for 614 days on the first degree robbery charge but not on the parole detainer warrant. As the majority opinion states, ". . . petitioner was ordered held pursuant to a detainer warrant issued by the State Board of Probation and Parole", a fact defendant would have learned quickly had he tried to make bail or had the robbery charge been dismissed. Sec. 549.101 authorizes arrest and detainer of a person alleged to have violated the conditions of probation and the majority opinion does not dispose of defendant's claim on the ba-

sis that he was not held in jail under the parole detainer, but that under Sec. 549.101 the trial court need not give credit for such time. This detainer warrant was not released until the parole was revoked October 30, 1970 by Judge Vardeman. The operation of the detainer was in no wise lessened by the fact the parole violator had been arrested one day earlier on another charge, which no doubt was the reason for the detainer warrant. Once lodged against him, the detention of defendant thereunder was impervious even to bail, as pointed out earlier. It is not accurate to say that the detainer in the case before us did not operate to keep him in jail, or that the time spent by defendant in jail after the detainer was lodged against him was anything other than "time spent by him . . . in jail subsequent to the date of his sentence and prior to his delivery to the state department of corrections . . .", and hence comes exactly within the terms of Sec. 546.615(1), so that credit is due under the statute.

In my opinion, we need look no further and we could stop right here, but if not there is another ground on which petitioner is entitled to be discharged. The two sentences, five years for robbery and five years for stealing, not having been made consecutive by Judge Vardeman or Judge Peters, are concurrent, Anthony v. Kaiser, 350 Mo. 748, 169 S.W.2d 47 (banc 1943); State ex rel. Meininger v. Breuer, 304 Mo. 381, 264 S.W. 1 (banc 1924) and have been running together since the date of the second sentence, October 30, 1970.

The sentences being concurrent, the case falls squarely within the jail time statute, Sec. 546.615, RSMo Supp.1971, V.A.M.S., which makes allowance of all jail time mandatory rather than discretionary, *and which deals specifically with concurrent sentences.*[2] The second sentence in subparagraph 2 of the statute states "Credit shall be applied to each sentence rendered if they are to be concurrent." It is evident the legislature has decided that a day of confinement in jail, whether awaiting or after trial, is to be treated as a day of confinement and to be credited as such on the sentence and on *each* sentence where they are concurrent. The legislature unquestionably was aware that concurrent sentences are common in Missouri. So it must have considered what to do about jail time where concurrent sentences existed. The legislature realized that not to require jail time on each sentence where they are concurrent would subvert the legislative intent. To what avail is it to give a defendant 614 days credit for jail time on one sentence and yet require him to serve another and concurrent sentence without credit? This is giving credit in name only and is in disregard of the legislative command that "Credit shall be applied to each sentence rendered if they are to be concurrent."

The defendant admittedly was in confinement 614 days before being taken to the penitentiary. Under the principal opinion, despite the fact that two five year sentences are concurrent, instead of serving five years less 614 days, he will serve five years plus 614 days. Or to put it another way, while the state argues that defendant is getting 614 days credit but it is on the robbery sentence, this overlooks the fact that under the principal opinion defendant

---

2. The statute was amended in 1971 to provide as follows:

"1. A person convicted of a felony in this state shall receive as credit toward service of the sentence imposed all time spent by him in prison or jail both awaiting trial and pending transfer to the department of corrections.

"2. In the event such time is required by law to be credited upon some other sentence it shall be applied to that sentence and not as set out in the preceeding subsection. Credit shall be applied to each sentence rendered if they are to be concurrent.

"3. The officer required by law to deliver a convicted person to the department of corrections shall endorse upon the commitment papers the length of time spent by the person in prison or jail prior to his delivery to the department."

will serve just as much time on these concurrent sentences as if he had received no jail time whatever.

I realize the above amendment to our jail time statute did not become effective until 1971, by which time defendant was already serving time in the penitentiary, but the amendment to the jail time statute should be applied retroactively, for many reasons. Failure to apply the statute retroactively would result in unreasonable discrimination. Mott v. Dail, 337 F.Supp. 731, 732 (D.N.C.1972). Fairness dictates credit should be given retroactively. Thompson v. State, 496 P.2d 651, 656 (Alaska 1972). " . . . This statutory provision [referring to a similar statute in Michigan] is remedial and should be liberally construed and effectuate the salutary purpose sought to be achieved by the legislature in its enactment . . . " People v. Cohen, 35 Mich.App. 706, 192 N.W.2d 652, 653 (1972). "Statutes relating to the computation of time served under a sentence, and the allowance of credit thereon for time served under particular circumstances, were designed to confer a benefit on the lawfully detained, and may not be interpreted to his detriment." 24B C.J.S. Criminal Law § 1995(4), p. 641.

Missouri has traditionally adhered to this underlying philosophy that those portions of penal statutes which are against the defendant should be strictly construed, and those favorable should be liberally construed. Anthony v. Kaiser, supra; State v. Getty, 273 S.W.2d 170, 172 (Mo.1954); State v. Paul, 437 S.W.2d 98 (Mo.App. 1969). Once the legislature has established the policy of giving credit for jail time, there is no reason why it should not apply to all alike. Application of the statutory requirement that jail time credit be applied to each sentence where concurrent means that the stealing sentence as well as the robbery sentence has been served and defendant is entitled to be discharged.[3]

Finally, although it is unnecessary to reach it in my view because I believe the case should be decided in favor of petitioner on the basis of what has already been said, the failure to give defendant credit for jail time on his stealing sentence violates his constitutional rights. The principal opinion rules otherwise, on the basis of State v. Crockrell, 470 S.W.2d 507 (Mo. 1971). However, there is an important distinction on the facts between the Crockrell case and the present case. In Crockrell, the defendant was complaining that while he spent nine months and sixteen days in jail *prior to sentencing,* he was given credit on his sentence only for five months and sixteen days. It will be recalled that under Sec. 546.615 prior to the 1971 amendment, credit for jail time prior to sentence was discretionary with the court. In the present case, the time spent in jail was *after* sentencing and the authority to hold petitioner in confinement came from the retention of jurisdiction by suspending execution of the original sentence.

Therefore, if not decided in petitioner's favor on statutory grounds, the case falls within the constitutional dictates of North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), which provides a constitutional guarantee against multiple punishments for the same offense and requires that all punishment already exacted must be fully credited toward the sentence. As the court pointed out, where a defendant obtains a new trial there is no way the time he spent in prison can be returned to him, but if reconvicted it must be returned by subtracting it from the new sentence. Similarly here petitioner was sentenced for stealing, but placed on parole. Once the parole detainer issued, confining him under the authority of the original sentence without the possibility of bail, the time he spent in jail awaiting the revocation hearing cannot be returned

---

3. It is agreed that if jail time is credited on the stealing sentence, defendant would have completed it in November 1972. It is further agreed he has already completed the robbery sentence.

to him, but under the constitution it must be returned to him in effect by giving him full credit on the execution of the stealing sentence of the time he spent in jail under the detainer. To require less means he must suffer the punishment already endured while in confinement awaiting parole revocation followed by the full sentence originally imposed. The confinement is all related to the sentence imposed for stealing and under the principles established in North Carolina v. Pearce against multiple punishments for the same offense, petitioner is also entitled to be discharged on this ground, as credit of the jail time means the sentence has been served.