**STATE of Missouri, Respondent,**

v.

**Gary Paul SHEPHERD, Appellant.**

**No. 57142.**

Supreme Court of Missouri,
Division No. 2.

May 14, 1973.

John C. Danforth, Atty. Gen., Jefferson City, Charles B. Blackmar, Sp. Asst. Atty. Gen., St. Louis, for respondent.

Neale, Newman, Bradshaw & Freeman, Leland L. Gannaway, Springfield, for appellant.

FINCH, Chief Justice.

Defendant, found guilty by a jury of robbery in the first degree, was sentenced to fifteen years in the custody of the Department of Corrections. We have jurisdiction of the appeal because it was filed prior to January 1, 1972. Mo.Const. Art. V, §§ 3 and 31, V.A.M.S.

This prosecution arose out of a charge that defendant and his sister-in-law, Hazel May Shepherd, drove from Springfield, Missouri to Polk County to the home of the victim to "get some guns". Upon arrival and after kicking in the door, defendant picked up a gun, fired some shots, struck the victim with a gun, tore up some furniture, demanded money, and after obtaining the same, left with the money, one rifle and two shotguns.

The two questions raised on this appeal are: (1) That the trial court committed plain error in failing on its own to declare a mistrial based on allegedly prejudicial closing argument by the prosecuting attorney, and (2) that Instruction No. 4 was prejudicially erroneous.

With reference to the first contention, defendant claims the prosecuting attorney's closing argument included statements not

supported by evidence. Defendant argues these statements indicated or implied to the jury that the prosecutor possessed or knew of additional facts not in evidence which, if the jury knew, would cause them to return a verdict of guilty.

■ Defendant made no objection whatsoever to the argument now complained of. Furthermore, there was no reference thereto in his motion for new trial filed subsequent to the completion of the trial. We have examined the arguments complained of in the light of the evidence received and conclude that there is no reason to apply Rule 27.20(c), V.A.M.R., the plain error rule. The prosecutor's final argument would not have indicated that he possessed special knowledge of the defendant's guilt, nor did it constitute a prejudicially unfair characterization of the evidence in the case. Rule 27.20(c) is available when the court deems that manifest injustice or miscarriage of justice has resulted from the incident of which defendant complains. We find no basis for concluding that manifest injustice or miscarriage of justice resulted from the closing argument of the prosecuting attorney.

Defendant's second contention is that the court erred in giving Instruction No. 4 for the reason that the evidence did not support that instruction, and also that it allowed the jury to believe that the court was possessed of superior and independent knowledge of facts showing guilt of the defendant.

Instruction No. 4, to which this complaint was directed, is as follows:

"The Court instructs the jury that if they believe and find from the evidence that the defendant, Gary Paul Shepherd, in the County of Polk, State of Missouri, on or about the 24th day of January, 1971, by means of a dangerous and deadly weapon, to-wit: a shot gun, and by putting Hillard E. Dickinson in fear of some immediate injury to his person, in the presence and against the will of said Hillard E. Dickinson, by force and violence did take and carry away $63.00 cash, 2 shotguns and one rifle, the money and personal property of one Hillard E. Dickinson, with the intent to deprive the owner of the same, and if you further find that said $63.00 in cash, two shot guns and one rifle was then and there the property of Hillard E. Dickinson, then you should find the defendant guilty of robbery in the first degree and assess the punishment at imprisonment in the penitentiary for a term of not less than five years.

"If you do not so find the facts to be you should acquit the defendant of robbery in the first degree.

" 'Unlawfully' means contrary to law.

" 'Feloniously' means wickedly and against the admonition of the law."

■ Defendant first argues that the reference in the instruction to the taking of $63.00 in cash was unsupported by the evidence. This contention is without merit. The victim's daughter-in-law testified that he had had between $70.00 and $80.00 on hand the night before, and defendant's sister-in-law, Hazel Shepherd, testified that the victim told defendant that he had only $60.00 and that he turned over this amount to the defendant. Thus, there was evidence that between $60.00 and $80.00 had been in the possession of the victim and was taken in this robbery. In a robbery prosecution, proof of the exact value of property taken is not required. The amount of value is immaterial if it appears that property was taken and it had some value. State v. Washington, 383 S.W.2d 518 (Mo.1964).

■ Next, defendant argues that the use of the word "shotgun" as the weapon defendant used to put the victim in fear is not supported by the evidence, and that there was no evidence that the defendant took a rifle and two shotguns in the robbery. Again, we find no merit in these contentions. There was evidence that the victim owned a rifle and two shotguns

which were there the night before and were gone the next morning. Hazel Shepherd said they went to get some guns. When she spoke of the defendant shooting a gun over the victim's head and striking him with it, she simply referred to it as a gun and did not characterize it as a rifle or shotgun. She testified that she was not clear as to the difference between a rifle and a shotgun. Furthermore, there were pictures of the room and of the places where the shots entered the walls and there would have been evidence to indicate that the gun was a shotgun. In any event, the matter could not have been prejudicial to the defendant. The instruction is not misleading nor substantially incorrect. State v. Winn, 324 S.W.2d 637 (Mo.1959).

Judgment affirmed.

All of the Judges concur.