Michael Rochon KING, Appellant,

v.

STATE of Missouri, Respondent.

No. 35299.

Missouri Court of Appeals,
St. Louis District.

April 16, 1974.

Motion for Rehearing on Transfer to Supreme Court is Denied May 14, 1974.

Application to Transfer Denied July 22, 1974.

Coburn, Croft, Shepherd & Herzog, John S. Sandberg, St. Louis, for appellant.

John C. Danforth, Atty. Gen., G. Michael O'Neal, William F. Arnet, Asst. Attys. Gen., Jefferson City, for respondent.

CLEMENS, Acting Presiding Judge.

Appeal from denial of a Rule 27.26, V.A.M.R., motion.

Movant was indicted for first-degree murder on July 6, 1967 and on January 19, 1968 he was charged with second-degree burglary. On January 27, 1968 bail was set at $8,000 but movant was unable to comply. On January 27, 1969 the state amended to charge second-degree murder and movant pleaded guilty. The court as-

sessed punishment at twelve years. On the same date movant pleaded guilty to second-degree burglary. The court assessed punishment at ten years, to run concurrently with the twelve-year murder sentence. No credit for jail time was allowed.

At the time of sentencing, granting credit for time spent in jail before trial was discretionary with the trial court. Section 546.615(2), RSMo.1969, V.A.M.S. As amended in 1971 the statute made such credit mandatory. In Re Turley, 496 S.W.2d 865 [3] (Mo.App.1973).

On May 15, 1972 movant filed a motion pursuant to Rule 27.26 alleging: (1) he did not receive credit toward his sentence for the time spent in jail awaiting trial and (2), failure to grant movant such credit violated the equal protection clause.

The parties agreed the motion presented a question of law only and no evidentiary hearing was held. On March 15, 1973 the court denied the motion, finding that denial of credit for jail time was discretionary with the trial court under the statute in force at the time of sentencing and under Missouri law such credit was not constitutionally mandated. This appeal followed.

■■■ Movant first argues the amended statute should be applied retroactively. As a general rule statutory provisions are construed prospectively, unless in their terms a contrary legislative intent "is spelled out in clear, explicit and unequivocal detail so that retrospective application is called for 'beyond [a] reasonable question.'" State ex rel. Hall v. Vaughn, 483 S.W.2d 396 (Mo.Banc 1972). The amended statute reveals no such legislative intent and movant has furnished no authority warranting a different construction.

■■■ Movant contends the jail time credit statute in force when he was sentenced did not afford him equal protection of the law since it discriminates against poor persons unable to afford bond. This constitutional challenge was rejected in State v. Crockrell, 470 S.W.2d 507 [3] (Mo.1971):

"The matter of whether credit for jail time shall be given applies equally to all persons who are before the court for sentencing. It is discretionary with the sentencing court, and is not connected in any way with the ability to make bond." See also Gillis v. Swenson, 495 S.W.2d 658 [3] (Mo.Banc 1973). We follow those decisions and deny movant's constitutional challenge.

The ruling of the circuit court in denying movant's motion is not clearly erroneous and judgment is therefore affirmed.

McMILLIAN and GUNN, JJ., concur.