Michael R. KING, Petitioner-Appellant,

v.

Donald W. WYRICK, Warden, Missouri State Penitentiary, Jefferson City, Missouri, Respondent-Appellee.

No. 75–1020.

United States Court of Appeals, Eighth Circuit.

Submitted April 16, 1975.

Decided May 21, 1975.

John S. Sandberg, St. Louis, Mo., for appellant.

William F. Arnet, Asst. Atty. Gen., Jefferson City, Mo., for appellee.

Before MATTHES, Senior Circuit Judge, ROSS and WEBSTER, Circuit Judges.

MATTHES, Senior Circuit Judge.

We are required to determine on this appeal by petitioner Michael R. King, a state prisoner, the extent to which he is entitled to receive jail time credit on two concurrent prison sentences. Specifically, petitioner seeks credit on concurrent second degree murder and burglary sentences for the 403 days he spent in jail awaiting disposition of the charges which led to his conviction for the murder and the burglary. The district court granted a 403 day credit on the 10-year burglary sentence, but denied credit on the murder sentence of 12 years.

A summary of the relevant facts follows.

On December 22, 1967, petitioner was arrested and incarcerated on a first degree murder indictment filed July 6, 1967. On January 19, 1968, while still in custody on the murder charge, petitioner was charged by information with second degree burglary. Bail on the two charges was set on January 27, 1968, at $8,000. Petitioner was unable to furnish bail because of indigency.

On January 27, 1969, the State agreed to reduce the homicide charge against the petitioner to second degree murder. Petitioner then withdrew his previous plea of not guilty on the first degree murder charge and pleaded guilty to second degree murder. He was sentenced that day to 12 years imprisonment on the murder conviction, although he could have been sentenced to as long as life imprisonment. At the same time petitioner changed his plea to guilty on

the second degree burglary charge and was sentenced to the statutory maximum of 10 years, to run concurrently with the sentence of 12 years imposed for the murder conviction. The state circuit judge who sentenced petitioner observed at the time of sentencing:

> THE COURT: All right, Mr. King, in accordance with your plea of guilty to burglary second degree, the Court will sentence you to ten years in the Department of Correction, at Jefferson City, Missouri, to remain there until you have fully served your time, or discharged by due process of law; this will run concurrently, however, with the sentence in Cause No. 1147–P. You understand there will be no jail time allowed?

> MR. KING: Yes, sir.

> THE COURT: I think you are getting off very easy the way it is.

At the time petitioner was sentenced, the granting of jail time credit on a prison term, i. e., credit toward one's prison sentence for the time spent in jail pending trial and sentencing, was a matter for the discretion of the state sentencing court. But the state statute allowing such discretion was amended in 1971 to make the granting of jail time credit mandatory. *See* Mo.Rev.Stat. § 546.615 (Supp.1971), amending § 546.615 (1969), V.A.M.S. Petitioner in 1972 petitioned the Circuit Court of St. Louis pursuant to Mo.Sup.Ct.R. 27.26, V.A.M.R., for a credit of 403 days (the time spent in jail between his arrest and his sentencing) on his concurrent sentences. Petitioner contended that the 1971 legislation requiring that jail time credit be given should be applied retroactively to his sentencing in 1969. Petitioner also urged that the failure to grant him jail

credit was a denial of equal protection, since he had had to serve time in connection with the charges against him which a wealthier man could have avoided by posting bail bond. In denying the petitioner 27.26 relief the state circuit court found that the sentencing judge had not granted petitioner any credit for jail time;[1] held that under the then existing statute the granting of jail time credit was within the discretion of the sentencing judge; and further held that the subsequently amended statute making credit mandatory was not retroactive. The court also rejected petitioner's claim that credit for jail time was constitutionally mandated. The Missouri Court of Appeals affirmed. King v. State, 510 S.W.2d 747 (Mo.App.1974).

Subsequently petitioner instituted this habeas corpus action in federal district court on July 25, 1974.[2] On December 6, 1974, a report by United States Magistrate William Bahn on petitioner's habeas corpus petition was filed in the district court. In his report Magistrate Bahn recommended that petitioner be granted jail time credit on the burglary sentence, since not to grant credit would mean that petitioner actually would be incarcerated for more than 11 years in connection with the burglary charge, even though the maximum allowable sentence was 10 years, solely because he had been unable to meet bail in 1968. Magistrate Bahn recommended, however, that no credit be granted on the concurrent second degree murder sentence, since it was within the range of punishment allowed by statute and less than the maximum of life imprisonment. On the same day District Judge Wangelin filed an order adopting the recommendations of Magistrate Bahn to grant credit

---

1. The 27.26 court stated:

   The records of the Court in this matter establish that the sentencing judge, the Honorable Robert J. Kirkwood, did not, in fact, grant defendant jail time.

2. Although petitioner cited 28 U.S.C. § 2241, the general habeas corpus provision, as vesting jurisdiction in district court to hear his

petition, we deem 28 U.S.C. § 2254 the appropriate provision under which petitioner may bring this action, since § 2254 is specifically designed to provide relief in the nature of habeas corpus for state prisoners. Consequently, we treat this action as one based upon 28 U.S.C. § 2254. *Cf.* Preiser v. Rodriguez, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973).

on the burglary sentence but not on the murder sentence. This appeal followed.

Of course, the decision of the district court has gained petitioner nothing: although he received credit on the burglary sentence, he would not be released any sooner as a result of the district court decision, since he is also incarcerated on the longer concurrent 12-year sentence, for which no credit was given. On this appeal petitioner urges that the district court erred in failing to grant him credit on the 12-year sentence as well. We agree.

Since Williams v. Illinois, 399 U.S. 235, 90 S.Ct. 2018, 26 L.Ed.2d 586 (1970), and Tate v. Short, 401 U.S. 395, 91 S.Ct. 668, 28 L.Ed.2d 130 (1971), many federal courts have come to recognize that failure to grant credit on an indigent prisoner's sentence for time spent in jail before sentencing for failure to meet bail due to indigency has constitutional implications. Several courts have held that it is a denial of equal protection not to grant an indigent prisoner credit for jail time served after he has been unable to meet bail due to indigency when his sentence plus the previous jail time adds up to a total period of incarceration longer than the maximum allowable term prescribed by law for the offense committed. *See, e. g.,* Parker v. Estelle, 498 F.2d 625 (5th Cir. 1974); Hook v. State of Arizona, 496 F.2d 1172 (9th Cir. 1974); Hill v. Wainwright, 465 F.2d 414 (5th Cir. 1972); Hart v. Henderson, 449 F.2d 183 (5th Cir. 1971). *See also* Reanier v. Smith, 83 Wash.2d 342, 517 P.2d 949 (1974) (credit on statutory maximum and minimum sentences); In re Young, 32 Cal.App.3d 68, 107 Cal.Rptr. 915 (1973) (credit on statutory minimum sentence). This result follows from the holding in Williams v. Illinois, *supra,* 399 U.S. at 244, 90 S.Ct. at 2023, that "the Equal Protection Clause of the Fourteenth Amendment requires that the statutory ceiling placed on imprisonment for any substantive offense be the same for all defendants irrespective of their economic status." It was pursuant to this equal protection rationale that the Magistrate recommended that petitioner be granted credit on the maximum 10-year sentence for burglary.

It is obvious, however, that equal protection considerations obtain as well in the case of an indigent prisoner who is denied jail time credit on a prison term less than the allowable maximum prescribed by statute. He still must serve a longer term in connection with the offense than would a wealthier prisoner who is sentenced to the same term but who is able to meet bail to avoid incarceration before trial and sentencing. *See generally* Schornhorst, Presentence Confinement and the Constitution: The Burial of Dead Time, 23 Hastings L.J. 1041, 1056 et seq. (1972); Note, Sentence Crediting for the State Criminal Defendant—A Constitutional Requirement, 34 Ohio St.L.J. 586, 587–588 (1973); *cf.* Morris v. Schoonfield, 399 U.S. 508, 509, 90 S.Ct. 2332, 26 L.Ed.2d 773 (1970) (White, J., concurring). *See also* Williams v. Missouri Department of Corrections, 463 F.2d 993, 995 (8th Cir. 1972).[3] Thus several district courts have resolved jail time credit cases on equal protection grounds without limiting the implications of the constitutional analysis to cir-

---

**3.** As one commentator has noted:

For though a state sets the outer limits of incarceration, it allows the trial·judge discretion in setting the boundaries in each case. Theoretically at least, the trial judge comes to his decision after consideration of the particular defendant, his crime, and the societal interests which need to be served. Thus it is just as discriminatory to effect an extension of imprisonment beyond this court-imposed limit as it is to do so beyond a statutory limit. In each situation the defendant is deprived of his liberty where another with funds would not have been. It could always be argued, of course, that where the extension is not beyond the maximum the accused has no real grievance, since the trial court could have imposed the maximum sentence. The significant point, however, is that the court did not do so; and for the state to take the court's shorter sentence and extend it because of indigency is to discriminate on the basis of wealth.

Note, *supra,* 34 Ohio St.L.J. at 587–588.

cumstances in which the total length of incarceration exceeds the maximum term allowed by law. *See* Mohr v. Jordan, 370 F.Supp. 1149 (D.Md.1974); White v. Gilligan, 351 F.Supp. 1012 (S.D.Ohio 1972) (3-judge court); Workman v. Cardwell, 338 F.Supp. 893 (N.D.Ohio), vacated in part as mooted, 471 F.2d 909 (6th Cir. 1972). *See also* Monsour v. Gray, 375 F.Supp. 786 (E.D.Wis.1973); Anglin v. State, 525 P.2d 34 (Nev.1974).

Nevertheless, the State contends that petitioner is not entitled to jail time credit on the 12-year murder sentence. The State refers us to Stapf v. United States, 125 U.S.App.D.C. 100, 367 F.2d 326 (1966), a decision which in the course of construing certain amendments to the federal jail time credit statute, 18 U.S.C. § 3568, first employed the principle that, "wherever it is possible, as a matter of mechanical calculation, that credit could have been given, we will conclusively presume it was given." 367 F.2d at 330. Of course, if a prisoner has been sentenced to a maximum term, it is impossible to say that credit was given by the sentencing judge. But if a prisoner, such as petitioner, has been sentenced to a term less than the allowable maximum, it is possible that at least one reason why the sentencing judge gave less than the maximum sentence was to allow the prisoner credit for his time spent in jail before trial and sentencing.

We have employed that presumption in several cases, although not in the context of a state prisoner seeking jail time credit on equal protection grounds. *See, e. g.,* Swift v. United States, 436 F.2d 390 (8th Cir. 1970), cert. denied, 403 U.S. 920, 91 S.Ct. 2337, 29 L.Ed.2d 698 (1971); United States v. Whitfield, 411 F.2d 545 (8th Cir. 1969); Noorlander v. United States, 404 F.2d 603 (8th Cir. 1968). Nevertheless, the presumption, which apparently was adopted in *Stapf* as a matter of judicial convenience, has been criticized. *See Schornhorst, supra,* 23 Hastings L.J. at 1065. And one circuit

seemingly has declined to employ it. *See* Padgett v. United States, 387 F.2d 649 (4th Cir. 1967). We need not go into the relative merits or shortcomings of the presumption, however, for we find that on the specific facts of this case the presumption is inapplicable.

Although the *Stapf* presumption has been characterized as conclusive, the facts of the *Stapf* case itself strongly suggest that it was intended to be used only when there was no evidence whatever on the record indicating whether credit had in fact been given. Even assuming that the *Stapf* presumption is appropriate in an action presenting a constitutional claim, we do not believe that a presumption that credit was given can be employed in a particular case in the face of unequivocal evidence on the record that credit in fact was not granted. Monsour v. Gray, *supra.* Indeed, in the context of litigation seeking credit on a federal sentence we have already held that such a presumption of credit can be overcome if the record clearly indicates credit was not given. United States v. Downey, 469 F.2d 1030 (8th Cir. 1972). *See also* Brotherton v. United States, 420 F.2d 1357 (10th Cir. 1970).

Here the sentencing judge pointed out to the petitioner, "You understand that there will be no jail time allowed?" Moreover, the State conceded in a stipulation during the 27.26 proceedings that jail time credit had not been granted, and the state courts in ruling on petitioner's 27.26 motion specifically found as a matter of fact that no jail time had been allowed petitioner by the sentencing judge. We are disinclined to overturn this factual finding of the state court in light of the presumptive validity accorded such a finding by 28 U.S.C. § 2254(d), nor has the State presented any ground for doing so.

The State concedes that the sentencing judge did not formally grant jail time credit, but it seeks to avoid the consequences of this concession by arguing that the record indicates that possibly the sentencing judge in effect grant-

ed credit by assertedly taking petitioner's jail time into account in setting the murder sentence at 12 years rather than for a longer period. As evidence that the judge took this seemingly contradictory step, the State points to the judge's remark that, "I think you are getting off very easy the way it is."

We are not persuaded by this argument. First, we note that the import of the remark just quoted is hardly clear: it might mean that the sentencing judge had contemplated sentencing petitioner to consecutive rather than concurrent sentences; or it might mean that the judge believed that any concessions by the prosecution during plea bargaining had approached the judge's conception of the utmost limits of leniency. In any event, such an ambiguous remark hardly overcomes the unequivocal statement only seconds before that the judge was not allowing petitioner jail time.

Moreover, the State's theory on the judge's mental processes in sentencing petitioner is decidedly implausible. We believe that it strains logic to suggest that the sentencing judge, who unequivocally stated that he was not allowing jail time credit, would in the very same sentencing proceeding contradict himself and in effect grant such credit by supposedly taking into account petitioner's jail time in setting the sentence at 12 years rather than for a longer period. We find such a convoluted hypothesis of the judge's sentencing rationale to be unconvincing in light of the judge's specific statement that he was denying jail time credit. On the facts of this case there is no room for any presumption that credit was given.

Since it conclusively appears from the records of the state courts that petitioner was denied jail time credit on his murder sentence, we hold that he was deprived of the equal protection of the law. Consequently, the State of Missouri must grant 403 days credit on petitioner's 12-year murder sentence. The case is remanded to the district court for entry of an appropriate order.