Gary Paul SHEPHERD,
Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 9895.

Missouri Court of Appeals,
Springfield District.

Nov. 6, 1975.

Kerry D. Douglas, Bolivar, for movant-appellant.

John C. Danforth, Atty. Gen., Robert H. House, Asst. Atty. Gen., Jefferson City, for respondent.

Before STONE, P. J., and HOGAN and TITUS, JJ.

TITUS, Judge.

Convicted of first degree robbery and in accordance with the jury's verdict, movant was sentenced on June 16, 1971, to 15 years. Under § 546.615 RSMo 1969 (before amendment, Laws 1971, S.B. 294, effective September 28, 1971), the trial court denied credit for time movant spent in jail prior to conviction. The conviction was affirmed upon appeal. *State v. Shepherd*, 494 S.W.2d 53 (Mo.1973). After evidentiary hearing and denial of his Rule 27.26 motion to vacate and set aside the conviction, movant has now appealed to this court.

To sustain the robbery charge, the state's evidence showed that movant and his sister-in-law, Hazel Shepherd, went to the home of crippled 77-year-old Hillard Dickinson to "get some guns." Upon arriving at the home, movant kicked in a door to gain entry, obtained guns, fired shots with a rifle and shotgun inside the house, hit Dickinson with a gun, damaged some furniture, demanded and obtained money, left with the money and three guns, and fired additional shots from outside the house to prevent being followed by the victim. Mrs. Shepherd pleaded guilty to making a felonious assault upon Mr. Dickinson and appeared as a state's witness on the robbery charge. Court-appointed counsel was provided movant at the preliminary hearing; different court-appointed counsel was furnished for the trial in the circuit court and in the direct appeal from the robbery conviction; and still other appointed counsel has served movant on his Rule 27.26 motion, its hearing and appeal. Movant has been permitted to proceed as a poor person in all proceedings and has been provided with transcripts on all appeals.

Movant's first point on appeal is that he was denied a fair trial as guaranteed by the Fourteenth Amendment to the United States Constitution and was denied the right to confront his accuser as guaranteed by the Sixth Amendment to the United States Constitution because neither the state nor his court-appointed counsel called Hillard Dickinson as a witness at the preliminary hearing and because his court-appointed counsel failed to adequately prepare for the preliminary hearing by subpoenaing, interviewing or deposing Mr. Dickinson.

In Missouri the state is not required to call to the stand all persons who allegedly witnessed the crime charged [*State v. Jones*, 456 S.W.2d 7, 8[2] (Mo. 1970); *State v. Kinne*, 372 S.W.2d 62, 66[5] (Mo.1963)], and since Mr. Dickinson did not testify, movant's rights of confrontation and cross-examination never arose. *State v. Ivey*, 442 S.W.2d 506, 508[4] (Mo.1969); *State v. Triplett*, 520 S.W.2d 166, 171[15] (Mo.App.1975).

Following the alleged robbery on January 24, 1971, Mr. Dickinson was described as being "in shock . . . he was practically helpless." He was hospitalized February 17, 1971, and died before the circuit court

trial was held on May 25, 1971. The lawyer who represented movant at the March 16, 1971, preliminary hearing was appointed on March 5, 1971. Before and after the preliminary hearing, Mr. Dickinson's son recalled his father "wasn't able for nothing," his mental condition "was bad . . . he didn't know us a lot of the time [and] as time went, his mind kept getting weaker and weaker." Mr. Dickinson was not physically able to attend the preliminary hearing. When his son attempted to discuss the robbery, the victim wasn't able to answer questions concerning the incident "all [the] time," his memory "wasn't too good" although there "probably could have been a few days" when he could have talked to someone.

■ Of course, movant had the burden of establishing his grounds for relief by a preponderance of the evidence. Rule 27.-26(f). He did not establish that Mr. Dickinson was physically and mentally able to attend a preliminary hearing at any time. Neither did he show that the victim could have been effectively deposed. Likewise, movant's evidence did not reveal how Mr. Dickinson's testimony would have assisted him at trial or at the preliminary hearing, or how interrogation of the victim by appointed counsel would have been of benefit. Whether a defendant's lawyer should subpoena a certain witness to testify at a preliminary hearing, especially if that witness could reasonably be expected to be hostile to the accused because he was the victim of the crime charged, is a matter of trial tactics or strategy which is not a proper subject of inquiry for courts reviewing a Rule 27.26 motion and affords no basis for relief. *Johnson v. State*, 516 S.W.2d 500, 501[4] (Mo.App.1975).

■ Points relied on numbered III and V may be considered together. One complains of the alleged improper argument made by the prosecuting attorney at the robbery trial; the other complains that movant was denied effective assistance of counsel because his court-appointed attorney failed to object to the prosecutor's argument and thus preserve a record regarding same for review on appeal by an appellate court. The answer to the first complaint is that alleged improper arguments are not matters which afford a basis for relief on a Rule 27.26 motion. *Booth v. State*, 491 S.W.2d 286, 288 (Mo.1973). To answer the second complaint, it suffices to note that albeit appointed counsel did not object to the argument, the Supreme Court did in fact consider the matter on direct appeal thusly: "We have examined the arguments complained of in the light of the evidence received and conclude that there is no reason to apply Rule 27.20(c), V.A.M.R., the plain error rule. . . . Rule 27.20(c) is available when the court deems that manifest injustice or miscarriage of justice has resulted from the incident of which defendant complains. We find no basis for concluding that manifest injustice or miscarriage of justice resulted from the closing argument of the prosecuting attorney." *State v. Shepherd, supra*, 494 S.W.2d at 54. Movant is not entitled to use a Rule 27.26 motion to obtain a second review of a previously decided issue even though he may have a different theory for seeking a favorable decision. *Weaver v. State*, 520 S.W.2d 640, 643[2] (Mo.App.1975).

■ Point IV of movant's appeal brief alleges he was deprived of effective assistance of counsel at the robbery trial because his appointed counsel failed to lay the proper foundation to afford admission of a note purportedly written by Mrs. Shepherd to movant which, according to him, would have discredited Mrs. Shepherd as a witness for the state. The transcript of the robbery trial is before us, having been offered and received in the evidentiary hearing on the Rule 27.26 motion. At the trial on the criminal charge, movant's then attorney had marked as Defendant's Exhibit No. 2 what movant claims was the same as Exhibit C introduced and received as evidence at the hearing on his motion. The tran-

script of the criminal charge prepared by the reporter who marked Exhibit No. 2, describes it as "an *unsigned*, hand-printed note, with *rough, torn edges at the top and bottom of same.*" (Emphasis supplied). However, we note from physical and visual examination of Exhibit C, that it is in three pieces (the top and bottom apparently hand-printed on notebook paper with the middle third, which contains the words deemed vital to movant, supplied by Xerox reproduction), that the top and bottom do not have "rough, torn edges," that the note is signed "Hay" (presumably short for Hazel, the given name of Mrs. Shepherd), and that neither the front nor back of Exhibit C has been marked as "Defendant's Exhibit No. 2."

The matter regarding Exhibit No. 2 or Exhibit C arose in this fashion. Movant's counsel at the robbery trial established through cross-examination of Mrs. Shepherd that the confession she had made was true. The confession was never put into evidence. At this point, movant's counsel had a note, as above described, marked as an exhibit and handed it to the prosecuting attorney who objected. Movant's attorney contended the note "would tend to impeach the witness' last statement . . . that everything contained in her confession was true [because] she has written a note to the defendant," which note, in part, says ". . . tell your lawyer the statement I give [sic] them over half is a line of Bullshit . . . ." At this point the trial court observed that a proper foundation had not been laid to permit the note to be received into evidence. Thereafter counsel tried to elicit from Mrs. Shepherd an admission that she had written a note to movant "contradicting the things she had made in her statement." To repeated questioning along this line, Mrs. Shepherd's unsatisfactory answers were: "I don't know. I don't know what I wrote . . . How could [the statement] be untrue . . . I don't know for sure." Apparently feeling he was making no progress with Mrs. Shepherd, counsel abandoned his questioning on the subject and did not attempt to again get the note into evidence.

At the hearing on the Rule 27.26 motion, movant did not demonstrate how a proper foundation could have been laid to insure the note's reception in evidence in view of the answers given by Mrs. Shepherd, supra. Since movant did not testify at the robbery trial and has not complained of his role as a non-witness, the proper foundation for identifying the author of the note could not have come from movant. Counsel for movant at the criminal trial testified at the motion hearing that the jury had seen him holding the note and that he felt this, coupled with the questions he asked of Mrs. Shepherd and the evasive answers she gave, were as effective in impeachment as if the note had been accepted by the court as an exhibit. We feel that under the circumstances, whether counsel should or should not have made further efforts to get the note into evidence was a matter of trial strategy, and if there was error in the lawyer's abandonment, it did not go beyond an error of judgment nor result in a substantial deprivation of movant's right to a fair trial. *Myrick v. State*, 507 S.W.2d 42, 44[2] (Mo.App.1974).

■ Grounds 3 and 6 of movant's Rule 27.26 motion charged ineffective assistance of counsel for failure to make use of Mrs. Shepherd's notes, and ineffective assistance of his trial counsel for failing to object to the closing argument of the prosecuting attorney. We have already discussed these matters, but in Point II of his brief movant says the trial court erred in not making "adequate findings of fact and conclusions of law on movant's grounds number 3 and 6." This point has no merit. Without prolonging this opinion with an exact quote of the findings and conclusions of the trial court, it is enough to say that the court found movant had a fair trial, effective assistance of counsel, and that grounds 3 and 6 were hindsight attacks on trial strategy. As previously noted, trial strategy can-

not be questioned in a collateral attack under Rule 27.26. *State v. Worley*, 371 S.W.2d 221, 224 (Mo.1963).

In his penultimate point relied on (No. VI), movant says the cumulative effect of the matters particularly set forth in Points I, III, IV and V should entitle him to relief. We have already considered these points and have found no error. Any number of non-errors cannot add up to an error. We reject movant's Point VI. *Dennison v. United States*, 385 F.2d 905, 907[7] (5th Cir. 1967); *Hammond v. United States*, 356 F.2d 931, 933[6] (9th Cir. 1966); *State v. Lay*, 427 S.W.2d 394, 403–404[13] (Mo.1968).

Movant's last point (VII in the brief and grounds 4 and 5 in the motion) has merit. He correctly asserts the trial court erred in failing to vacate and correct sentence by allowing him credit for jail time served before sentence. There is no dispute but that movant's incarceration in jail before sentencing resulted from his indigency and inability to make bond. It is likewise certain that in following the verdict and sentencing movant to 15 years' imprisonment, the trial court did not give movant credit for his jail time.

In the past Missouri courts have held that cases finalized prior to September 28, 1971 (the effective date of § 546.615, Laws 1971, S.B. 294) would not be affected by the amended statute making such credit mandatory. *King v. State*, 510 S.W.2d 747 (Mo. App.1974). However, after King's Rule 27.-26 motion was denied by the Missouri Court of Appeals in the case last cited, King instituted federal habeas corpus action. In *King v. Wyrick*, 516 F.2d 321, 325 (8th Cir. 1975), the court held that since King was denied jail time on his sentence, he was deprived of equal protection of the law and that the State of Missouri "must" grant him credit for the time he spent in jail.

Movant is entitled to credit for jail time awaiting trial in this case against his 15-year sentence. We do not know accurately how many days should be credited to movant. However, the officer required by law to and who did deliver movant to the department of corrections is hereby directed to furnish the correct information on the number of days movant served in jail to the Department of Corrections and the Department of Corrections is then directed to allow the jail time credit against the sentence.

As modified with credit for pre-conviction jail time, the judgment is affirmed.

All concur.