Glenn VALENTINE, (Movant) Appellant,

v.

STATE of Missouri, Respondent.

No. 59570.

Supreme Court of Missouri,
en banc.

Oct. 12, 1976.

Graham W. LaBeaume, Huck, Kasten & LaBeaume, St. Louis, for movant-appellant.

John C. Danforth, Atty. Gen., Paul R. Otto, Preston Dean, Asst. Attys. Gen., Jefferson City, for respondent.

HOLMAN, Judge.

In June, 1968, Glenn Valentine was indicted on a charge of first degree murder and two charges of first degree robbery with a dangerous and deadly weapon. He made no request that bail be fixed and hence remained in jail until he was sentenced on January 13, 1969. On that date he entered pleas of guilty to second degree murder and the two robbery charges. The court accepted the recommendation of the State that he be sentenced to 12 years imprisonment on each charge, the sentences to run concurrently. Immediately thereafter the following occurred:

> MR. WENDT: Your Honor, the defendant will respectfully request that his jail time be allowed.

> THE COURT: In view of the seriousness of these three matters, the jail time will be denied. So ordered.

Valentine filed a pro se motion to vacate the judgments under Rule 27.26 in September, 1970, assigning four grounds therefor. Later counsel was appointed for movant and an amended motion was filed which abandoned the original grounds and alleged only that the failure to allow credit for time spent in jail because he was financially unable to make bail violated the equal protection clause of the U.S. Constitution. He sought allowance of such credit.

The trial court overruled the amended motion. Movant appealed to the Court of Appeals, St. Louis District. That court

adopted an opinion affirming the judgment. However, deeming its opinion to be in conflict with the opinion of the Court of Appeals, Springfield District, in the case of *Shepherd v. State,* Mo.App., 529 S.W.2d 943 (1975) the case was transferred to this court for reexamination of the existing law. We will determine the case here the same as on original appeal. Art. V, Sec. 10, Mo.Const., V.A.M.S.

The allowance of jail time is governed by statute. Section 546.615, RSMo 1959, in effect at the time movant was sentenced read as follows: "When a person has been convicted of a criminal offense in this state . . . The time spent by him in prison or jail prior to his conviction and the date on which sentence is pronounced may, in the discretion of the judge pronouncing sentence, be calculated as a part of the term of the sentence imposed upon him." That section was amended in 1971 to provide that, "A person convicted of a felony in this state shall receive as credit toward service of the sentence imposed all time spent by him in prison or jail both awaiting trial and pending transfer to the department of corrections." The amended section would not have retroactive effect and therefore has no application to the question before us. *State v. Whiteaker,* 499 S.W.2d 412 (Mo.1973). It is obvious that if the original statute is taken literally the trial court had the discretionary duty to determine whether jail time should be allowed and we see no indication that the court abused its discretion in denying the request.

As stated, however, movant contends that the discretionary provision of the statute violates the equal protection clause of the Fourteenth Amendment in that it discriminates against the poor who cannot raise bond. This point was presented to this court and ruled adversely to the defendant in the case of *State v. Crockrell,* 470 S.W.2d 507 (Mo.1971). This court reaffirmed the *Crockrell* ruling in *Gillis v. Swenson,* 495 S.W.2d 658[3] (Mo.1973). Prior to the decision in *Shepherd,* supra, all three districts of the court of appeals had adopted opinions that followed the *Crockrell* ruling. See

*Meeks v. State,* 512 S.W.2d 215 (Mo.App. Springfield, 1974), *King v. State,* 510 S.W.2d 747 (Mo.App. St. Louis, 1974) and *Neighbors v. State,* 515 S.W.2d 792 (Mo. App. Kansas City, 1974).

In 1975 the habeas corpus case of *King v. Wyrick* (8th Cir.) 516 F.2d 321, was decided. Therein, although defendant was held on a first degree murder charge bail was fixed at $8,000 which defendant was unable to give because of indigency. When he pleaded guilty to murder second, the trial court refused to allow credit for jail time on the 12 year sentence. The federal appeals court held that the denial of jail time credit deprived *King* of equal protection and ordered that the credit be allowed.

Obviously, this court does not agree with the *King* decision. In addition to other reasons that have been expressed we have the view that the trial judge in fixing the length of sentence has often considered his mental, though unannounced, decision not to allow jail credit. In the instant case we think it likely that the judge considered such in his decision to accept the very lenient recommendation of the State of a 12 year sentence for what was, in fact, three capital offenses. The Springfield District of the Court of Appeals, however, evidently considered that it should follow the *King* decision and it accordingly did so, without discussion, in *Shepherd,* supra. The court in *Shepherd* was not required to follow *King.* See, *Kraus v. Board of Education of City of Jennings,* 492 S.W.2d 783[2] (Mo. 1973) and cases cited therein. It was required to follow the controlling decisions of this court. Art. V, Sec. 2, Mo.Const.

We base our decision in the case at bar, however, upon a different ground. Movant was charged with first degree murder. At the time his plea was entered the assistant circuit attorney stated facts which showed that movant was guilty of felony murder, which, as a matter of law, was then a capital offense. Movant agreed that the facts stated were true. Sec. 20, Art. 1, Mo.Const., provides, "That all persons shall be bailable by sufficient sureties, except for capital offenses, when the proof is evident

or the presumption great." If movant had desired bail he should have filed an application and a hearing would have been held to determine whether the "evident proof" showed guilt of a capital offense. No such hearing was held but since movant later admitted his guilt of felony murder it is reasonable to assume that the State could have presented proof thereof. In that situation movant was not entitled to bail regardless of his financial resources. It follows that there could not have been any violation of the equal protection clause in this case and that cases such as *King* and *Shepherd* would have no application to the factual situation before us.

The judgment is affirmed.

MORGAN, HENLEY, FINCH and DONNELLY, JJ., concur.

SEILER, C. J., dissents in separate dissenting opinion filed.

BARDGETT, J., dissents and concurs in separate dissenting opinion of SEILER, C. J.

SEILER, Chief Justice (dissenting).

I respectfully dissent. I would reverse and remand with directions to allow credit for the 227 days of jail time served by movant prior to sentencing. I would do away with "dead time", which is what I think the legislature intended.

The principal opinion states that the amendment in 1971 to § 546.615, RSMo 1959 "would not have retroactive effect and therefore has no application to the question before us", citing *State v. Whiteaker,* 499 S.W.2d 412 (Mo.1973). I do not agree that such is the holding of the *Whiteaker* case. The question of whether the amended statute would apply to jail time served with respect to a conviction which was final prior to the effective date of the amendment was not before the court in *Whiteaker,* although it is before us in the present case.[1] I, for one, would not have concurred in the *Whiteaker* opinion had it announced any such

rule. In *Whiteaker* the question was whether a defendant *whose case was still pending on appeal* at the time the amendment became effective was entitled to jail time against his sentence. The court held yes, he was. There was no need to, and the court did not, decide the question presently before us.

The majority opinion, respectfully submitted, misconstrues the application of the present statute and its predecessor. The 1959 enactment read:

"1. When a person has been convicted of a criminal offense in this state

.    .    .    .    .

(2) The time spent by him in prison or jail prior to his conviction and the date on which sentence is pronounced may, in the discretion of the judge pronouncing sentence, be calculated as a part of the term of the sentence imposed upon him."

This statute required action by the judge if jail time were to be allowed. Necessarily, therefore, it could apply only to those persons who were convicted and sentenced after its effective date. No one else could be in the position of having sentence pronounced on which the judge could allow jail time.

The present statute, however, provides:

"1. A person convicted of a felony in this state shall receive as credit toward service of the sentence imposed all time spent by him in prison or jail both awaiting trial and pending transfer to the department of corrections."

The amended statute does not require action by the judge. It grants credit administratively. All that is required is that the division of corrections mark the prison records accordingly. Who is to receive credit under the terms of this statute? A person convicted of a felony in this state. Does movant fall within this class? Obviously he does and he is therefore entitled to credit for the 227 days he spent in jail

---

1. Reexamination of the briefs on file in the *Whiteaker* case confirms that the question of retroactivity of the amendment as to convictions which had become final was not briefed or argued.

awaiting trial and prior to sentence. This, in my opinion, should dispose of this case. I think the wording and meaning of the amended statute is quite clear, but if there should be any doubt, the law is unquestioned that penal or criminal statutes are to be liberally construed as to those portions which are in favor of defendants—that is, for their ease and exemption. *Anthony v. Kaiser,* 350 Mo. 748, 169 S.W.2d 47, 48 (banc 1943).

As seen from the foregoing, it is not necessary for movant to establish a violation of the equal protection clause in order to obtain relief under the facts of this case. However, I am unable to agree with the majority opinion that it would not be a breach of equal protection if the amended statute were held not applicable to movant, or that the equal protection question can be avoided on the basis that movant would not have been admitted to bail regardless of his financial resources. It is nothing but speculation to conclude that had there been a bail hearing the evidence would have shown that movant's guilt was evident or the presumption thereof great. We do not know what the evidence would have been at such a hearing. One thing of which we can be sure, however, is that defendant would not have admitted guilt. Yet it is on the fact that movant at the time he entered his guilty plea in effect admitted his guilt of felony murder that the majority opinion says it is reasonable to assume the state could have presented proof thereof at a bail hearing. Without the defendant's admission of guilt the state's case might have

been sadly lacking. If the state had such a strong case, the kind which the cases say the evidence must show in order to deny bail,[2] why was the prosecution willing to reduce the first degree murder charge to second degree and recommend twelve year sentences, to run concurrently, in exchange for pleas of guilty to second degree murder and two armed robberies with a dangerous and deadly weapon? Again, we can only speculate, but the point is that simply because defendant admitted guilt at the guilty plea and sentencing proceedings does not mean that this case can be approached with the certainty that defendant would not have been admitted to bail had there been a hearing under the constitutional mandate, Sec. 20, Art. I, Mo.Const., that bail follows as a matter of course unless the proof is evident or the presumption great. This being so, we must face the constitutional questions which are involved in denying jail time credit to a defendant who is indigent, but who would not have been serving jail time had he been financially able to make bail.

The majority opinion relies on this regard upon *State v. Crockrell,* 470 S.W.2d 507 (Mo.1971), a reliance which, I submit, is misplaced. In the first place, part of the reasoning in that case, 470 S.W.2d l. c. 509, was that "The matter of whether credit for jail time shall be given applies equally to all persons who are before the court for sentencing. It is discretionary with the sentencing court, and is not connected in any way with the ability to make bond." It is true the statute applies equally to all per-

2. In considering whether or not the accused is entitled to bail, it is not proper to consider the evidence from the standpoint of an appellate court. On the contrary, ". . . the proper test is whether the evidence before the judge on the hearing for bail tends strongly to show guilt of a capital offence . . ." *Ex parte Verden,* 291 Mo. 552, 237 S.W. 734, 737 (banc 1922). "[B]efore a defendant should be committed without bail, 'such facts must be shown as to raise a strong presumption of guilt of the crime charged.'" *Ex parte Knight,* 301 Mo. 63, 254 S.W. 1077, 1079 (banc 1923). "It is also to be kept in mind that the question here [referring to a proceeding to fix bail] is not whether the evidence presented would support a jury's

verdict of guilt of first degree murder. . . . The test in this proceeding is whether the evidence presented and under consideration on this hearing constitutes proof that is evident of guilt or murder in the first degree, or establishes facts and circumstances which make the presumption of such guilt strong." *In re Schultz,* 302 Mo. 181, 257 S.W. 447, 448 (banc 1924). See, also, *Williams v. Missouri Department of Corrections,* 463 F.2d 993, 995 (8th Cir. 1972), where the court points out that under the Missouri constitutional provisions, the fact a defendant is charged with a capital crime does not necessarily mean he is not entitled to bail.

sons who are before the court for sentencing, but the reasoning of the court misses the point that the only ones who are seeking the court's discretion for allowance of jail time are those who were unable to make bond. The defendant of means has no need to seek the court's discretion; he was not in jail.

In the second place, the two cases primarily relied upon in *Crockrell* have either been repudiated or represent a shrinking minority of thought. One case was *United States ex rel. Watson v. Commonwealth & Common Pleas Ct. of Pa.*, 260 F.Supp. 474 (E.D. Pa.1966). That case involved a prisoner who was attempting to have the sixteen and a half years he served on an illegal sentence credited against other sentences for crimes he committed while on parole. The case did not involve jail time prior to sentence at all. The court expressed the view, however, that "even in those cases where a sentence is vacated and the relator is re-tried for the very same offense, there is no constitutional requirement of credit for the time already served." Id. at 475. This view, of course, is no longer the law under *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969) and the foregoing federal district court decision is not of much value today.

The second case relied upon by *Crockrell* is *Gremillion v. Henderson*, 425 F.2d 1293 (5th Cir. 1970). *Gremillion* involved a habeas corpus claim by a Louisiana state prisoner for allowance of jail time prior to sentencing. The precise basis on which the prisoner was making his claim does not appear. In a three paragraph per curiam opinion without substantial discussion, the court declared ". . . there is no federal constitutional right to credit for time served prior to sentence." There is no discussion in the opinion about unequal treatment. Id. at 1294. In fact, the opinion notes that the Louisiana statute on presentence jail time did not "impose an arbitrary classification." Id. at n. 4. For a court to make the general statement that there is no constitutional right to jail time, while true as compared to specific rights which are guaranteed by the constitution such as right to counsel or right to jury trial, does not mean that an equal protection violation cannot grow out of the mishandling of jail time. In the case before us it is evident that the denial of jail time credit depends upon the defendant's means, and as such, it discriminates against the poor. The proof that the *Gremillion* court did not rule on the issue of invidious wealth discrimination as to jail time credit, is found in the later decision of the same court in *Cobb v. Bailey*, 469 F.2d 1068, 1070 (5th Cir. 1972) in which, while denying an Alabama prisoner credit for pre-conviction jail time, the court pointed out that had the prisoner been charged with a bailable offense and alleged a discriminatory denial of the opportunity to make bail after it was set, the conclusion that the court was bound by *Gremillion* would not follow.

This makes it plain that the broad language of *Gremillion* is no longer authority for the proposition that the discretionary provision of our statute on jail time is immune from constitutional attack on unequal protection grounds.

I think we should reconsider and overrule the *Crockrell* case, not only for the reasons set forth above, but also because of the developing line of authority elsewhere that the denial of credit for time spent in custody prior to sentencing due to indigency violates the equal protection clause of the Fourteenth Amendment. In *Williams v. Illinois*, 399 U.S. 235, 90 S.Ct. 2018, 26 L.Ed.2d 586 (1970), the trial court imposed a sentence of both imprisonment and a fine. When the defendant was unable to pay the fine, that portion of the sentence was converted to imprisonment. Consequently, the defendant was to serve a term in excess of the maximum statutory sentence. The Supreme Court held that the equal protection clause of the Fourteenth Amendment prohibits the imprisonment of an indigent longer than the maximum term authorized by statute because he cannot pay the fine portion of his sentence. The Supreme Court expanded this concept in *Tate v. Short*, 401 U.S. 395, 91 S.Ct. 668, 28 L.Ed.2d

130 (1971) in which it held that the equal protection clause of the Fourteenth Amendment prohibits incarceration solely due to indigence. We agreed in *Hendrix v. Lark,* 482 S.W.2d 427 (Mo. banc 1972).

Likewise, the ABA Standards Relating to Sentencing Alternatives and Procedures comport with the view granting credit. "(a) Credit against the maximum term and any minimum term should be given to a defendant for all time spent in custody.as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based. This should specifically include credit for time spent in custody prior to trial, during trial, pending sentence, pending the resolution of an appeal, and prior to arrival at the institution to which the defendant has been committed." Standard 3.6 (Approved Draft, 1968).

While I agree that this court is not bound by general declarations of law made by lower federal courts, as indicative of the general trend is the persuasive reasoning found in *King v. Wyrick,* 516 F.2d 321, 323–24 (8th Cir. 1975), where the court was dealing with a jail time credit problem similar to ours, and said (footnote omitted):

"Since *Williams v. Illinois,* 399 U.S. 235, 90 S.Ct. 2018, 26 L.Ed.2d 586 (1970), and *Tate v. Short,* 401 U.S. 395, 91 S.Ct. 668, 28 L.Ed.2d 130 (1971), many federal courts have come to recognize that failure to grant credit on an indigent prisoner's sentence for time spent in jail before sentencing for failure to meet bail due to indigency has constitutional implications. Several courts have held that it is a denial of equal protection not to grant an indigent prisoner credit for jail time served after he has been unable to meet bail due to indigency when his sentence plus the previous jail time adds up to a total period of incarceration longer than the maximum allowable term prescribed by law for the offense committed. *See, e. g., Parker v. Estelle,* 498 F.2d 625 (5th Cir. 1974); *Hook v. State of Arizona,* 496 F.2d 1172 (9th Cir. 1974); *Hill v. Wainwright,* 465 F.2d 414 (5th Cir. 1972); *Hart v. Henderson,* 449 F.2d 183 (5th Cir. 1971).

*See also Reanier v. Smith,* 83 Wash.2d 342, 517 P.2d 949 (1974) (credit on statutory maximum and minimum sentences); *In re Young,* 32 Cal.App.3d 68, 107 Cal.Rptr. 915 (1973) (credit on statutory minimum sentence). This result follows from the holding in *Williams v. Illinois, supra,* 399 U.S. at 244, 90 S.Ct. at 2023, that 'the Equal Protection Clause of the Fourteenth Amendment requires that the statutory ceiling placed on imprisonment for any substantive offense be the same for all defendants irrespective of their economic status.' . . .

"It is obvious, however, that equal protection considerations obtain as well in the case of an indigent prisoner who is denied jail time credit on a prison term less than the allowable maximum prescribed by statute. He still must serve a longer term in connection with the offense than would a wealthier prisoner who is sentenced to the same term but who is able to meet bail to avoid incarceration before trial and sentencing. *See generally,* Schornhorst, Presentence Confinement and the Constitution: The Burial of Dead Time, 23 Hastings L.J. 1041, 1056 et seq. (1972); Note, Sentence Crediting for the State Criminal Defendant—A Constitutional Requirement, 34 Ohio St.L.J. 586, 587–588 (1973); *cf. Morris v. Schoonfield,* 399 U.S. 508, 509, 90 S.Ct. 2232, 26 L.Ed.2d 773 (1970) (White, J., concurring). *See also Williams v. Missouri Department of Corrections,* 463 F.2d 993, 995 (8th Cir. 1972). Thus several district courts have resolved jail time credit cases on equal protection grounds without limiting the implications of the constitutional analysis to circumstances in which the total length of incarceration exceeds the maximum term allowed by law. *See Mohr v. Jordan,* 370 F.Supp. 1149 (D.Md.1974); *White v. Gilligan,* 351 F.Supp. 1012 (S.D.Ohio 1972) (3-judge court); *Workman v. Cardwell,* 338 F.Supp. 893 (N.D.Ohio), vacated in part as mooted, 471 F.2d 909 (6th Cir. 1972). *See also Monsour v. Gray,* 375 F.Supp. 786 (E.D. Wis.1973); *Anglin v. State,* 90 Nev. 287, 525 P.2d 34 (1974)."

While double jeopardy was not raised in our case, it is inherent in the facts before us

and this is an added reason why relief should be granted. In *North Carolina v. Pearce,* 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), the Supreme Court required that a defendant be credited for his jail time spent waiting retrial and resentencing after the invalidation of his original conviction. This result obtains through the double jeopardy clause of the Fifth Amendment as applied to the states through the Fourteenth Amendment. *Benton v. Maryland,* 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969). In *Pearce,* supra, 395 U.S. at 717, 89 S.Ct. at 2076, the court reminds us that the double jeopardy clause ". . . protects against multiple punishments for the same offense", citing *Ex parte Lange,* 18 Wall. 163, 21 L.Ed. 872; *United States v. Benz,* 282 U.S. 304, 307, 51 S.Ct. 113, 75 L.Ed. 354; *United States v. Sacco,* 2 Cir., 367 F.2d 368; *United States v. Adams,* 6 Cir., 362 F.2d 210; *Kennedy v. United States,* 9 Cir., 330 F.2d 26. The court went on to explain that ". . . it is clear that this basic constitutional guarantee is violated when punishment already exacted for an offense is not fully 'credited' in imposing sentence upon a new conviction for the same offense." *North Carolina v. Pearce,* supra, 395 U.S. at 718, 89 S.Ct. at 2077. Yet the underlying rationale of *Pearce* is not so narrow. "Though not so dramatically evident, the same principle obviously holds true whenever punishment already endured is not fully subtracted from any new sentence imposed." Id. The analogy is clear. Movant has been subjected to multiple punishments, one upon arrest, the other upon conviction. See to the same effect, *Wright v. Maryland Penitentiary,* 429 F.2d 1101, 1104 (4th Cir. 1970); *Durkin v. Davis,* 390 F.Supp. 249, 254 (E.D.Va. 1975); *Parker v. Bounds,* 329 F.Supp. 1400, 1401 (E.D.N.C.1971); *Culp v. Bounds,* 325 F.Supp. 416, 419 (W.D.N.C.1971).

There is no rational basis on which to deny this movant credit for time served in jail. The state has a valid interest in requiring bail to insure the presence of the defendant at trial, but to refuse credit for jail time because of inability to make bail is unrelated to any legitimate purpose of the bail requirement. All it does is penalize the poor for being poor.

I would reverse and remand this case with directions to enter credit for the jail time prior to sentencing, on the basis that the amended statute so requires, without any need to reach the constitutional question. If the constitutional question is reached, I would reverse and remand with directions to enter credit for the jail time prior to sentencing, on the ground that not to do so would work an unconstitutional denial of equal protection and subject movant to double jeopardy.