**Samuel COOK, Petitioner,**

v.

**Donald W. WYRICK, Warden, Missouri State Penitentiary, Respondent.**

No. 77–147C(2).

United States District Court, E. D. Missouri, E. D.

Feb. 15, 1977.

Samuel Cook, pro se.

John D. Ashcroft, Atty. Gen., Jefferson City, Mo., for respondent.

MEMORANDUM

REGAN, District Judge.

Leave to file this petition for a writ of habeas corpus in forma pauperis was granted by a judge of this district pursuant to the practice of this Court. We now examine the petition to determine whether under the facts as alleged petitioner should be permitted to further prosecute the action.

The petition (which deviates in large measure from that mandated by Rule 2 of the Rules Governing Section 2254 cases in the United States District Courts) alleges that petitioner was convicted upon trial to a jury in the Circuit Court of the City of St. Louis, Missouri, of assault with intent to do great bodily harm with malice. He was thereafter sentenced on January 23, 1970, to 15 years imprisonment and is presently confined in the Missouri State Penitentiary pursuant to that sentence. He appealed from the conviction without success. *State v. Cook*, 463 S.W.2d 863 (Mo.1971).[1] It appears from the report of that decision that petitioner had been charged under the Second Offender Act with a prior felony and that his sentence was fixed by the trial court.

The sole ground of the petition is that the trial court (the Honorable Robert J. Kirkwood) improperly denied petitioner the seven months "jail time" he spent in confinement awaiting trial. This point was not presented on petitioner's direct appeal although it was then available. It appears that in November, 1976, petitioner filed a Rule 27.26 motion in the Circuit Court seeking an allowance of "jail time." The motion was heard by another judge (Judge Kirkwood having retired from the bench), and was subsequently overruled on January 24, 1976.

Under the Missouri statute in force at the time of petitioner's conviction allowance of

---

1. Although petitioner alleges that his conviction was affirmed on appeal to the Missouri Court of Appeals, St. Louis District, in 1970, he does not apprise us of any citation. We are confident, however, that petitioner is in error, and that his appeal was actually ruled by the Missouri Supreme Court, the only court which then had jurisdiction over criminal appeals.

"jail time," as a credit toward service of the sentence imposed on the convicted person was discretionary with the sentencing judge.[2] Petitioner contends that this discretionary provision violates the equal protection clause of the Fourteenth Amendment in that it discriminates against the poor who are unable to furnish bond pending trial.

Admittedly, petitioner has not pursued his available state remedies following the overruling of his Rule 27.26 motion. As justification for his deliberate refusal to proceed further in the state courts, petitioner argues that it would be futile to do so in light of the 1976 decision of the Missouri Supreme Court en banc in *Valentine v. State*, 541 S.W.2d 558. Petitioner urges that the Eighth Circuit ruling in *King v. Wyrick*, 516 F.2d 321 (8 Cir. 1975) conclusively demonstrates the validity of his equal protection contention, but that the Missouri Supreme Court in *Valentine* explicitly disagreed with and refused to follow *King*. On that promise, petitioner contends that exhaustion of state remedies by him is unnecessary.

*King* had for consideration the question of whether a person sentenced to serve a term less than the maximum allowable for the offense was denied equal protection of the law by being denied jail time. In ruling this contention, the Court held inapplicable the presumption that the sentencing judge took jail time into consideration in sentencing the petitioner to less than the maximum, for the reason that it conclusively appeared from the state court records that the sentencing court had expressly declined to allow jail time. As we read *King*, it did not announce the rule that whatever the circumstances under which the sentence was imposed, the failure to explicitly allow jail time is violative of the equal protection clause.

The *Valentine* court (or at least a majority) does say that it does not agree with the *King* decision, at least as applied to Valentine, for the reason "we think it likely that the judge considered [jail time]" in fixing the length of sentence, even though he did not so state of record. Hence, on the precise point ruled in *King*, the decisions are not inconsistent. Over and beyond the fact that, so far as appears, the presumption adverted to in *King* might well have been applied, the Court stated: "We base our decision in the case at bar, however, upon a *different* ground." That ground was that Valentine not only had been charged with a capital offense, but that when his guilty plea to reduced charges was entered, he agreed to the truth of the facts demonstrating that he was guilty of felony murder, then a capital offense, thereby making applicable the provision of the Missouri Constitution that a capital offense is not bailable where the proof is evident or the presumption great. Hence, on that state of facts Valentine would not have been entitled to bail regardless of his financial circumstances. For that reason the Court concluded that "there could not have been any violation of the equal protection clause by reason of Valentine's indigency." We will not attempt to speculate as to what the Missouri courts might ultimately decide if petitioner were to prove a *King* factual situation. What we hold is that petitioner is required to exhaust his state remedies and that the *Valentine* decision (the only post-*King* decision) does not foreclose the possibility of relief in the Missouri courts.

Accordingly, it appearing that petitioner has failed to exhaust his available state remedies, the petition for a writ of habeas corpus should be dismissed without prejudice. An order to this effect will be entered.

---

2. The statute was amended prospectively in 1971, so that credit for "jail time" is now automatically required.