Honorable Donald L. Manford State Senator, District 8 1423 West 3rd Lee's Summit, Missouri 64063
Dear Senator Manford:
This opinion letter is issued in response to your request for an official opinion concerning the applicability of Section 546.615, RSMo Supp. 1975, to a person who was convicted of an offense prior to the amendment of that section in 1971, but whose conviction was not affirmed on appeal until after the effective date of the amendment.
Subsection 1 of Section 546.615, of course, currently provides that a person convicted of a felony in this state
 ". . . shall receive as credit toward service of the sentence imposed all time spent by him in prison or jail both awaiting trial and pending transfer to the division of corrections."
Prior to its amendment in 1971, this section provided that the granting of credit for jail time was discretionary with the trial court. Section 546.615, RSMo 1969.
As previously noted, your question involves the effect of the 1971 amendment on an individual who was sentenced prior to the effective date of the amendment but whose conviction was not affirmed on appeal until after the effective date of the amendment. In connection with your request, you provide the following hypothetical statement of facts:
 An accused is convicted in April, 1971, and appeals. His conviction becomes final, i.e.,
affirmed on appeal in June, 1972. In the interim, Section 546.615 is revised to provide that credit for jail time is now mandatory rather than discretionary with the trial court. Question: What applicability does Section 546.615 have in relation to the conviction date vs. the date the case is affirmed on appeal?
This question was raised and resolved in State v. Whiteaker,499 S.W.2d 412 (Mo. 1973), cert. denied 415 U.S. 949,94 S.Ct. 1472, 39 L.Ed.2d 565 (1974). In Whiteaker, the defendant was sentenced by the trial court in January, 1971, prior to the amendment of Section 546.615. However, the case did not become final until 1973, when Whiteaker's conviction was affirmed on appeal by the Missouri Supreme Court. In its opinion, the court held that Whiteaker was entitled to all the jail time he had accumulated even though, at the time of sentencing, the granting of such jail time was discretionary with the trial court. The court concluded:
 "This court holds that section 546.615, as amended 1971, is applicable to those cases wherein the judgment has not become final prior to September 28, 1971, the effective date of section 546.615, as amended. . . ." State v. Whiteaker, supra at 421
Consequently, since you explain in your hypothetical statement of facts that the accused's conviction did not become final until June, 1972, Whiteaker would require that the individual receive credit for any jail time he might have accumulated awaiting trial or transportation to the Missouri State Penitentiary.
We note that although the United States Court of Appeals for the Eighth Circuit has ruled that Missouri's refusal to accord full retroactive effect to the 1971 amendment to Section 564.615 constitutes a denial of equal protection, King v. Wyrick, 516 F.2d 321
(8th Cir. 1975), the Missouri Supreme Court has continued to adhere to its position that Section 564.615, as amended, does not apply to individuals whose convictions became final prior to September 28, 1971. In the case of Valentine v. State, 541 S.W.2d 558, 599 (Mo. Banc 1976), the court said:
 "In 1975 the habeas corpus case of King v. Wyrick (8th Cir.) 516 F.2d 321, was decided. Therein, although defendant was held on a first degree murder charge bail was fixed at $8,000 which defendant was unable to give because of indigency. When he pleaded guilty to murder second, the trial court refused to allow credit for jail time on the 12 year sentence. The federal appeals court held that the denial of jail time credit deprived King of equal protection and ordered that the credit be allowed.
 "Obviously, this court does not agree with the King decision. In addition to other reasons that have been expressed we have the view that the trial judge in fixing the length of sentence has often considered his mental, though unannounced, decision not to allow jail credit. In the instant case we think it likely that the judge considered such in his decision to accept the very lenient recommendation of the State of a 12 year sentence for what was, in fact, three capital offenses. The Springfield District of the Court of Appeals, however, evidently considered that it should follow the King decision and it accordingly did so, without discussion, in Shepherd, supra. The court in Shepherd was not required to follow King. See, Kraus v. Board of Education of City of Jennings, 492 S.W.2d 783[2] (Mo. 1973) and cases cited therein. It was required to follow the controlling decisions of this court. Art. V, Sec. 2, Mo. Const."
Very truly yours,
 JOHN ASHCROFT Attorney General